

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-115-CV

JIM H. HAMILTON, JR.                                                    APPELLANT

V.

EMIL J. PECHACEK                                                        APPELLEE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## OPINION

------------

### I. INTRODUCTION

Appellant Jim H. Hamilton, Jr., an inmate proceeding pro se and in forma pauperis, challenges the trial court's order dismissing his lawsuit against Appellee Emil J. Pechacek. In five points, Hamilton asserts that the trial court erred by dismissing his suit with prejudice under chapter 14 of the Texas Civil Practice and Remedies Code without conducting a hearing on Pechacek's motion to dismiss or on Hamilton's motion for new trial. We will affirm in part and reverse and remand in part.

## II. Factual and Procedural Background

Hamilton is an inmate housed in the Texas Department of Criminal Justice's (TDCJ) James Allred unit in Wichita County, Texas. Pechacek is an employee of the TDCJ and a correctional officer at the Allred unit. Hamilton alleges that on January 9, 2008, Pechacek caused a cup of hot coffee to be spilled on him and his personal property. Hamilton specifically alleges that Pechacek intentionally or negligently grabbed a coat that had legal papers and a cup of "extremely hot" coffee on top of it, threw the coat, and thus caused the cup of coffee "to make contact with . . . Hamilton's chest and stomach area" and his legal papers. Hamilton further alleges that Pechacek's actions caused first-degree burns on Hamilton's chest and stomach and the destruction of legal papers valued at $166.

Hamilton filed a TDCJ grievance against Pechacek, which was denied. Hamilton then filed suit against Pechacek in district court claiming that Pechacek assaulted him and violated his rights under the Texas constitution, Texas Penal Code, Texas Government Code, and TDCJ's rules, policies, and procedures. Hamilton also requested an eight-point injunction prohibiting Pechacek from assaulting him or otherwise violating his rights.[1] Although Hamilton's original petition does not expressly allege violations of Hamilton's rights under the United States

---

[1] Hamilton's original petition also brings a claim for intentional infliction of emotional distress, but in briefing before the trial court Hamilton, specifically represented that he had "abandon[ed]" this claim.

2

Constitution, it may be liberally construed as asserting violations of his federal rights under 42 U.S.C. § 1983.[2]

Pechacek answered and moved to dismiss Hamilton's lawsuit under chapter 14 of the Texas Civil Practice and Remedies Code. Chapter 14 sets out special procedural rules that apply to an inmate lawsuit in which the inmate files an affidavit or unsworn declaration of inability to pay costs, except for suits brought under the family code. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (Vernon 2002). Pechacek specifically asserted that the majority of Hamilton's claims should be dismissed as frivolous and that all of his claims should be dismissed because Hamilton did not comply with chapter 14's requirement that he file a copy of the TDCJ's written grievance decision.

Hamilton filed a verified objection to Pechacek's motion to dismiss and a "Motion for Bench Warrant or In the Alternative Motion for Hearing by Conference Call." The trial court set Pechacek's motion to dismiss for hearing by submission only and ultimately granted the motion without conducting an oral or evidentiary hearing. The trial court entered a final judgment dismissing all of Hamilton's claims "on the merits" as frivolous for failure to comply with chapter 14 of the Texas Civil Practice and Remedies Code. Hamilton filed a motion for new trial. The trial court

---

[2] Pechacek appears in this court pro se. Accordingly, we liberally construe his arguments and attempt to address the legal and factual arguments he makes. *See, e.g.*, Tex. R. App. P. 38.9; *McCullough v. Tex. Dep't of Criminal Justice-ID*, No. 02-07-00072-CV, 2008 WL 704419, at *2 n.6 (Tex. App.—Fort Worth Mar. 13, 2008, no pet.) (mem. op.).

denied the motion for new trial without conducting an evidentiary hearing, and this appeal followed.

### III.  MOTION FOR NEW TRIAL

In his first point, Hamilton argues that the trial court erred by failing to conduct an evidentiary hearing on his motion for new trial because his verified motion raises controverted matters that are not determinable from the record.

We review a trial court's denial of a motion for new trial for an abuse of discretion.  *See Cliff v. Huggins*, 724 S.W.2d 778, 778–79 (Tex. 1987).  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

Whether to hold an evidentiary hearing on a motion for new trial in a civil matter is within the trial court's discretion unless the ground for the motion is jury misconduct.  *See Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, no pet.); *Parham v. Wilbon*, 746 S.W.2d 347, 351 (Tex. App.—Fort Worth 1988, no writ); *see also* Tex. R. Civ. P. 327 (providing that, when the ground of a motion for new trial, supported by affidavit, is misconduct of the jury, "the court shall hear evidence thereof from the jury or others in open court").

In this case, the allegation of jury misconduct does not apply because no jury trial was held.  Moreover, even if we were to adopt the standard applied by other

4

courts of appeals—that a trial court must hold a hearing on a motion for new trial if the motion "presents a question of fact upon which evidence must be heard" and alleges facts that, if true, would entitle the movant to a new trial—Hamilton would not be entitled to an evidentiary hearing on his motion for new trial because it failed to identify any question of fact upon which additional evidence was required or to specify what evidence, if any, he would have presented to the trial court had an evidentiary hearing been held. *See, e.g., Landis v. Landis*, No. 04-08-00858-CV, 2009 WL 4339055, at *1 (Tex. App.—San Antonio Dec. 2, 2009, no pet.) ("A trial court is only required to conduct a hearing on a motion for new trial when a motion presents a question of fact upon which evidence must be heard."). Accordingly, the trial court did not abuse its discretion by failing to conduct an evidentiary hearing on Hamilton's motion for new trial. We overrule Hamilton's first point.[3]

## IV. RIGHT TO ATTEND A HEARING ON A CHAPTER 14 MOTION TO DISMISS

In his third point, Hamilton argues that the trial court erred by denying his constitutional right to be heard on Pechacek's chapter 14 motion to dismiss because the court failed to consider and rule upon his motion for a bench warrant to personally appear at a hearing or, in the alternative, to participate by conference call.

---

[3] Hamilton's contention—that his motion for new trial raises matters "not determinable from the record"—apparently relies upon the criminal standard for requiring an evidentiary hearing on a motion for new trial: "Generally, a trial court should hold a hearing if the motion and attached affidavit raise matters that are not determinable from the record that could entitle the accused to relief." *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). Because this is not a criminal matter, we do not apply the criminal standard here.

5

The trial court did not conduct an oral or evidentiary hearing but heard Pechacek's motion to dismiss by submission only.

## A. Standard of Review

We review for an abuse of discretion a trial court's ruling on a request for a bench warrant or to participate at trial by other means. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *In re D.D.J.*, 136 S.W.3d 305, 311–14 (Tex. App.—Fort Worth 2004, no pet.). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Cire*, 134 S.W.3d 835 at 838–39. When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002).

## B. Bench Warrant or Appearance at Hearing by Conference Call

Litigants cannot be denied access to the courts simply because they are inmates. *Z.L.T.*, 124 S.W.3d at 165; *Ringer v. Kimball*, 274 S.W.3d 865, 867 (Tex. App.—Fort Worth 2008, no pet.). However, an inmate does not have an automatic right to appear in person in every court proceeding. *Z.L.T.*, 124 S.W.3d at 165; *D.D.J.*, 136 S.W.3d at 311. "The right of a prisoner to have access to the courts entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party." *D.D.J.*, 136 S.W.3d at 314.

6

In this case, the trial court heard Pechacek's motion to dismiss by submission only, implicitly denying Hamilton's request for a bench warrant or, alternatively, to appear at hearing by conference call. Section 14.003(c) of the civil practice and remedies code provides that a hearing on a chapter 14 motion to dismiss is not mandatary, stating:

> In determining whether [to dismiss a suit under section 14.003], the court *may* hold a hearing. The hearing may be held before or after service of process, and it may be held on motion of the court, a party, or the clerk of the court.

Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (Vernon 2002) (emphasis added). The plain language of the statute indicates that the trial court's determination to hold a hearing on a chapter 14 motion to dismiss is discretionary. *See id.* Thus, an inmate bringing a claim subject to chapter 14 has no right to be heard at a hearing upon a motion to dismiss his or her claims. *See Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 938 (Tex. App.—Fort Worth 1997, pet. denied) (holding that a trial court's determination whether to hold a hearing on a chapter 14 motion to dismiss is discretionary).

Based on section 14.003(c), it was within the trial court's discretion to hear Pechacek's motion to dismiss by submission only, without conducting an oral or evidentiary hearing.[4] Hamilton had the opportunity to oppose Pechacek's motion to

---

[4] Hamilton also argues that the trial court erred by violating Wichita County Local Rule 2.7.c.2, which requires in part that, "if the Court receives a written objection [to a proposed judgment, decree, or order] within [ten days], the proponent of the judgment, decree or order shall schedule a hearing for entry of the same."

dismiss and did so by filing verified objections. Moreover, Hamilton does not identify any evidence or argument that he contends he would have presented at the hearing but could not. Hamilton had no need to attend a hearing to present evidence or contradict the evidence of the opposing party because no evidentiary hearing was held. *See D.D.J.*, 136 S.W.3d at 314. Accordingly, we hold that the trial court did not abuse its discretion by failing to conduct an evidentiary hearing or by implicitly denying Hamilton's request to appear at any hearing personally or by conference call. We overrule Hamilton's third point.

## V. DISMISSAL PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE

In his second, fourth, and fifth points, Hamilton complains that the trial court erred by granting Pechacek's motion to dismiss his claims and his request for injunctive relief as frivolous under chapter 14 and by dismissing them "on the merits." For the reasons set forth below, we will sustain the portions of Hamilton's second, fourth, and fifth points that challenge the dismissal of his common law assault and battery and personal property claims, his section 1983 excessive force claim against Pechacek individually, and the dismissal with prejudice of his section 1983 access to courts claim; we will overrule the balance of Hamilton's second, fourth, and fifth points.

---

However, the trial court did not fail to schedule a hearing; on July 21, 2008, it signed an "Order Setting Hearing" by submission only.

8

## A. Dismissal Under Chapter 14

The legislature enacted chapter 14 of the Texas Civil Practice and Remedies Code to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied), *cert. denied*, 537 U.S. 890 (2002). Chapter 14 sets forth procedural requirements an inmate must satisfy as a prerequisite to filing suit. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002, 14.004–.006; *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). Among other requirements, an inmate must file an affidavit or unsworn declaration stating the date that the grievance underlying the lawsuit was filed and the date of the TDCJ's written decision, along with "a copy of the written decision from the grievance system." Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1)–(2). Should the inmate fail to comply with these requirements, his suit will be dismissed. *Lilly*, 100 S.W.3d at 336.

Even if an inmate satisfies the necessary filing requirements, however, the trial court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003; *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A claim is frivolous or malicious if it has no basis in law or fact or if its realistic chance of ultimate success is slight. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1)–(2).

**B.    Standard of Review**

We review a dismissal under chapter 14 for an abuse of discretion. *Bishop*, 131 S.W.3d at 574.  When, as in this case, an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law.  *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). While a chapter 14 dismissal is reviewed under an abuse of discretion, the issue as to whether a claim has an arguable basis in law is a legal question that we review de novo.   *See In re Humphreys*, 880 S.W.2d 402, 404 (Tex.) (op. on reh'g) (explaining that questions of law are reviewed de novo), *cert. denied*, 513 U.S. 964 (1994).  We will affirm the dismissal if it was proper under any legal theory.  *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990).

In conducting our review, we take as true the factual allegations in an inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief.  *See Scott*, 209 S.W.3d at 266.  A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory.  *Id*. at 266–67.

Here, the trial court dismissed Hamilton's claims "on the merits" or with prejudice.  A dismissal with prejudice operates as if the case had been fully tried and decided.  *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999).  Orders dismissing cases with prejudice have full res judicata and collateral estoppel effect,

10

barring subsequent relitigation of the same causes of action or issues between the same parties. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630–31 (Tex. 1992). When reviewing whether the trial court abused its discretion by dismissing claims with prejudice under chapter 14, this court should consider whether the inmate's error could be remedied with more specific pleading; if so, a dismissal under chapter 14 with prejudice is improper. *See Leachman v. Dretke*, 261 S.W.3d 297, 306 (Tex. App.—Fort Worth, 2008 no pet.) (op. on reh'g).

### C. Dismissal of Hamilton's Claims Under Section 14.005

In his second point, Hamilton contends that the trial court erred by dismissing his claims for failure to comply with section 14.005 of the civil practice and remedies code. Specifically, Hamilton argues that the trial court erred by dismissing his claims under section 14.005 based upon the incorrect assumption that he failed to file a copy of the TDCJ's written response to his underlying grievance. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(2) (requiring inmate to file "a copy of the written decision from the grievance system").

A review of the record shows that Hamilton indeed filed the TDCJ's written Step I and Step II decisions in the grievance relevant to this lawsuit. Moreover, in his briefing before this court, Pechacek acknowledges that Hamilton filed the written Step I and Step II grievance decisions and concedes that Hamilton's claims are not properly subject to dismissal for failure to comply with section 14.005. Accordingly, we hold that the trial court abused its discretion to the extent that it dismissed

11

Hamilton's claims as frivolous for alleged failure to comply with section 14.005, and we sustain Hamilton's second point.[5]

### D. Dismissal of Hamilton's Claims Under Section 14.003(a)(2)

In his fourth point, Hamilton argues that the trial court erred by dismissing his claims as frivolous under section 14.003(a)(2) because they lacked an arguable basis in law or their realistic chance of ultimate success was slight. In response, Pechacek concedes that Hamilton's common law assault and battery and section 1983 excessive force claims are not frivolous and not subject to dismissal at this time but argues that Hamilton's remaining claims are subject to dismissal as frivolous.

#### 1. Hamilton's Assault and Battery Claim

Hamilton brings a common law assault and battery claim. On appeal, Pechacek acknowledges that this claim is not frivolous, "not subject to dismissal as lacking basis in law," and "not presently ripe for dismissal with prejudice under § 14.003(a)(2)." In addition, Pechacek requests that we remand Hamilton's common law assault and battery claim to the trial court for further proceedings. We agree.

---

[5] Because we sustain Hamilton's second point on the ground that he complied with section 14.005, we do not address, and express no opinion regarding, Hamilton's alternative argument that dismissal based on failure to comply with section 14.005 is not authorized because "the prerequisites of § 14.005 are not mandatory, but merely are directory."

12

A person commits an assault by intentionally, knowingly, or recklessly causing bodily injury to another. *Gibbins v. Berlin*, 162 S.W.3d 335, 340 (Tex. App.—Fort Worth 2005, no pet.). In his original petition, Hamilton specifically alleges that Pechacek intentionally threw "extremely hot" coffee on him and knew or should have known that his actions would "recklessly cause first degree burns." Accordingly, we hold that Hamilton's assault and battery claim does not lack an arguable basis in law and that the trial court abused its discretion by dismissing this claim with prejudice.

### 2. Hamilton's 42 U.S.C. § 1983 Excessive Force Claims

Hamilton's petition brings suit against Pechacek "individually and in his official capacity" and alleges that Pechacek's actions constituted "excessive use of force" committed "intentionally, . . . knowingly," "arbitrar[ily], wantonly, and in bad faith." Accordingly, the petition may be read to include an Eighth Amendment excessive force claim under section 1983.[6] As with Hamilton's assault and battery claim, Pechacek admits on appeal that this claim is not frivolous, "not subject to dismissal as lacking basis in law," and "not presently ripe for dismissal with prejudice under § 14.003(a)(2)." Pechacek requests that we remand Hamilton's section 1983 excessive force claim to the trial court for further proceedings.

Section 1983 creates a private right of action for violations of an individual's federally guaranteed rights by those acting under color of state law. 42 U.S.C.A. §

---

[6] Pechacek states on appeal that, "[a]lthough no mention of the Eighth Amendment or excessive force are made, Hamilton's petition may be liberally construed to include an excessive force claim brought under 42 U.S.C. § 1983."

13

1983 (2003); *Richardson v. McKnight*, 521 U.S. 399, 403, 117 S. Ct. 2100, 2103 (1997). But Congress did not intend section 1983 to abrogate a state's sovereign immunity from suit without the state's consent. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–66, 109 S. Ct. 2304, 2308–09 (1989) (holding that "a State is not a person within the meaning of § 1983"). Therefore, a state is not a proper party to a section 1983 claim. *See Harrison v. Tex. Dept. of Criminal Justice-Institutional Div.*, 915 S.W.2d 882, 889 (Tex. App.—Houston [1st Dist.] 1995, no pet.). When sued under section 1983 in an official capacity, a suit against a TDCJ official is a suit against the State of Texas and is thus barred by sovereign immunity. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001). Accordingly, we hold that the trial court did not abuse its discretion by dismissing with prejudice Hamilton's section 1983 claim against Pechacek to the extent that he was sued in his official capacity.

State officials sued in their individual capacity, however, do not enjoy sovereign immunity from suit and may be sued under section 1983. *See, e.g.*, *Hidalgo County v. Gonzalez*, 128 S.W.3d 788, 792–93 (Tex. App.—Corpus Christi 2004, no pet.). When an inmate brings an excessive force section 1983 claim against a prison official individually, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 999 (1992)). Hamilton's

14

original petition alleges that Pechacek used excessive force by intentionally, knowingly, arbitrarily, wantonly, and in bad faith causing extremely hot coffee to be spilled on Hamilton's body. On appeal, Hamilton specifically argues that Pechacek's actions were in bad faith and "not sanctioned by any established state policy," as demonstrated by the fact that they allegedly violated established TDCJ rules, policies, and procedures.[7] Accordingly, Hamilton has alleged facts to support a section 1983 excessive force claim against Pechacek individually. We hold, therefore, that this claim is not frivolous as a matter of law and that the trial court abused its discretion to the extent it dismissed Hamilton's section 1983 excessive force claim against Pechacek individually.

### 3. Hamilton's Claim Based Solely Upon the Texas Constitution

Hamilton argues that the trial court erred by dismissing his claim based on Texas constitutional violations because it is not based *solely* on Texas constitutional violations but on common law assault and battery and section 1983 excessive force

---

[7] Hamilton's appellate brief seems to argue that his allegations that Pechacek acted in violation of TDCJ rules, policies, and procedures support his common law assault and battery and constitutional excessive force claims and do not, by themselves, constitute a separate cause of action. Hamilton failed to raise or brief any point challenging the trial court's dismissal of any claim he may have brought based solely on Pechacek's alleged violation of TDCJ rules, policies, or procedures. Therefore, for purposes of this appeal, any alleged error by the trial court in dismissing such claims is waived. *See* Tex. R. App. P. 38.1(e), (h); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the "long-standing rule" that an appellate point may be waived due to inadequate briefing); *Leachman*, 261 S.W.3d at 305 n.3 (holding that inmate waived challenge regarding constitutional claims because he failed to raise or brief them on appeal).

claims as well. Hamilton also contends that his allegations of Texas constitutional violations support declaratory and injunctive relief, not his request for damages.

Hamilton's original petition seeks damages based on Texas constitutional violations, brings suit against Pechacek to "redress the deprivation under color of state law of rights secured by the constitution of the State of Texas," and requests compensatory and punitive damages. Under the Texas Supreme Court's decision in *City of Beaumont v. Bouillion* and its progeny, however, no private cause of action exists against a governmental entity or its officials for money damages relating to alleged violations of Texas constitutional rights. *See City of Arlington v. Randall*, No. 02-08-00374-CV, 2009 WL 4757272, at *6 (Tex. App.—Fort Worth Dec. 10, 2009, pet. filed) (citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995), and holding that there is no private right of action for damages arising from unconstitutional conduct under Texas constitution's free speech and free assembly clauses); *Tex. A & M Univ. Sys. v. Luxemburg*, 93 S.W.3d 410, 425 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (op. on reh'g) (holding *Bouillion* applies to bar private right of action for damages arising from other alleged Texas constitutional violations); *Univ. of Tex. Sys. v. Courtney*, 946 S.W.2d 464, 468–69, 471 (Tex. App.—Fort Worth 1997, writ denied) (op. on reh'g) (holding *Bouillion* applies to alleged Texas constitutional due process provision violations by individual public officials and governmental entities). Accordingly, we hold that, to the extent Hamilton's claims for damages are based solely on alleged violations of his Texas

16

constitutional rights, they are frivolous as lacking an arguable basis in law.[8]

Moreover, because this claim relies upon an indisputably meritless legal theory, Hamilton cannot remedy this deficiency by amending his pleading. We therefore hold that the trial court did not abuse its discretion by dismissing this claim with prejudice.

### 4. Hamilton's Claims Based Upon Alleged Violations of the Texas Penal Code

Hamilton contends that the trial court erred by dismissing his claims based upon Pechacek's alleged violations of Texas Penal Code sections 22.01 (assault) and 39.03 (official oppression). But the Texas Penal Code does not create a private cause of action. *Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004); *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.). Accordingly, we hold that to the extent Hamilton brings claims based on Pechacek's alleged assault and official oppression as violations of the penal code, they are frivolous as lacking arguable bases in law. Moreover, the claim relies upon an indisputably meritless legal theory, and Hamilton cannot remedy this deficiency by

---

[8] Hamilton's original petition also seeks declaratory judgment based on alleged violations of his rights under the Texas constitution. Hamilton failed, however, to raise or brief any point challenging the trial court's dismissal of his declaratory judgment action. Therefore, for purposes of this appeal, any alleged error by the trial court is waived. *See* Tex. R. App. P. 38.1(e), (h); *Fredonia State Bank*, 881 S.W.2d at 284–85; *Leachman*, 261 S.W.3d at 305 n.3.

17

amending his pleadings. Thus, we hold that the trial court did not abuse its discretion by dismissing these claims with prejudice.

### 5. Hamilton's Claims Based Upon Alleged Violations of the Texas Government Code

Hamilton contends the trial court erred by dismissing his claims based upon Pechacek's alleged violations of Texas Government Code sections 501.007 and 501.008. These sections authorize discretionary payments to inmates for the destruction of their property by prison officials (501.007) and require the TDCJ to develop and maintain an administrative system for inmate grievances (501.008). *See* Tex. Gov't Code Ann. §§ 501.007–.008 (Vernon 2004). In addition, section 501.008(d) requires that inmates exhaust the government code grievance procedures before initiating a civil suit seeking damages for property destruction. *Id.* § 501.008; *see Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex. App.—Corpus Christi 2002, no pet.) ("Clearly, the legislature foresaw that inmates would seek redress in the courts [for destruction to personal property] because section 501.008(d) is the requirement to exhaust the grievance procedures before initiating suit."). These sections of the government code do not, however, provide an independent basis for an inmate's civil lawsuit. *See, e.g., Spurlock*, 88 S.W.3d at 737. We hold that Hamilton's claims are frivolous because they have no arguable basis in law to the extent that they are based solely on Pechacek's alleged government code violations. Moreover, any such claims rely upon an indisputably

18

meritless legal theory, and Hamilton cannot remedy the deficiency by amending his pleadings. Accordingly, we further hold that the trial court did not abuse its discretion by dismissing any such claim with prejudice.

### 6. Hamilton's Common Law Property Claims

Hamilton seeks damages based upon Pechacek's alleged destruction of "$166 worth of legal documents generated from a pending suit against Asst. Warden Tommy Norwood." In his original petition, Hamilton specifically alleges that Pechacek intentionally caused coffee to be spilled and knew or should have known that the documents would be destroyed as a result; in the alternative, Hamilton alleges that Pechacek's actions "constituted negligence and gross negligence under state law." Pechacek counters that the law does not recognize an inmate's claim of negligent or intentional deprivation of property by a public official.

Texas common law recognizes claims of intentional and negligent destruction of personal property. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 211 n.44 (Tex. 2002) (defining common law conversion as "the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights"); *Kelly v. Brown*, 260 S.W.3d 212, 218 (Tex. App.—Dallas 2008, pet. denied) (recognizing personal injury and property damages recoverable under common law negligence claim). In addition, an inmate may bring suit asserting a common law claim for negligent, intentional, or reckless destruction of personal property if the

19

TDCJ's administrative grievance procedures have been exhausted. *See Spurlock*, 88 S.W.3d at 737; *see also* Tex. Gov't Code Ann. § 501.008.

Hamilton's original petition brings a negligence claim seeking damages for the destruction of his personal property. Moreover, his petition may be liberally construed to include a common law conversion claim as well. And Hamilton alleges that he has exhausted all TDCJ administrative grievance procedures that are required as a condition of his ability to bring suit. Accordingly, we hold that the trial court could not have properly concluded that Hamilton's common law property claims lack an arguable basis in law and that, consequently, the trial court abused its discretion by dismissing these claims.

### 7. Hamilton's Section 1983 Claims Relating to the Intentional Destruction of Personal Property

In his motion for new trial, Hamilton asserts that his claim of intentional destruction of property arises under 42 U.S.C. § 1983.[9] The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV. However, a state prison official's unauthorized intentional act that deprives an inmate of property is not a constitutional violation if there exists an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 535, 104 S. Ct. 3194, 3204–05 (1984).

---

[9] Although asserting a claim for *intentional* destruction of his property, Hamilton acknowledges in briefing before the trial court that "no section 1983 claim exists for *negligent* damage to property." [Emphasis added.]

The Texas Legislature has provided an administrative remedy to compensate inmates for property lost or damaged by prison officials. *See* Tex. Gov't Code Ann. §§ 501.007–.008 (addressing compensation process for inmate claims of lost or damaged property and establishing an inmate grievance system). Because they have an adequate post-deprivation remedy, inmates in Texas have no arguable basis in law for asserting a section 1983 due process claim for the intentional destruction of their property by a prison official. *Spurlock*, 88 S.W.3d at 736-37; *Aguilar v. Chastain*, 923 S.W.2d 740, 744 (Tex. App.—Tyler 1996, writ denied). Accordingly, there is no arguable basis in law for Hamilton's section 1983 claim based on violation of his due process rights due to Pechacek's alleged intentional destruction of his legal documents, and Hamilton cannot remedy this claim's deficiencies by amending his pleadings. We hold, therefore, that the trial court did not err by dismissing this claim with prejudice under chapter 14.

Hamilton also alleges that the destroyed documents related to pending litigation against Assistant Warden Tommy Norwood. His petition, therefore, arguably may be construed to include an access to courts claim under 42 U.S.C. § 1983. To sustain a constitutional claim for denial of access to the courts, an inmate must show "actual injury" to a legal claim by demonstrating that his or her position as a litigant has been prejudiced by the defendant's actions. *McDonald v. Steward*, 132 F.3d 225, 230–31 (5th Cir. 1998); *see Lewis v. Casey*, 518 U.S. 343, 349–51, 116 S. Ct. 2174, 2179–80 (1996).

21

In this case, Hamilton's original petition makes no factual allegations regarding the impact, if any, that the alleged destruction of his legal documents has on his position as a litigant in this or any other litigation. Hamilton cannot, therefore, prevail on a section 1983 access to courts claim because he has not alleged actual injury. *See McDonald*, 132 F.3d at 230–31. We hold that the trial court did not err to the extent that it dismissed this claim under chapter 14 as frivolous. However, it is possible that Hamilton may address this deficiency by amending his pleadings to specify how Pechacek's alleged actions caused actual injury to a legal claim by prejudicing Hamilton's position as a litigant. *See id.* Accordingly, we hold that the trial court abused its discretion by dismissing Hamilton's section 1983 open courts claim with prejudice.

### 8.  Hamilton's Claim for Injunctive Relief

Hamilton's original petition requests a temporary restraining order and an eight-point prohibitory injunction against Pechacek to ensure Pechacek's ongoing compliance with TDCJ regulations and federal and state law.[10] Hamilton argues that

_____

[10] Specifically, Hamilton sought to enjoin Pechacek from (1) communicating with Hamilton "in vulgar, obscene, or indecent language, or in a coarse or offensive manner, with intent to annoy or alarm"; (2) threatening to "take unlawful action" against Hamilton or others with personal knowledge of the facts of the case; (3) causing bodily injury to Hamilton or any witnesses in this case; (4) threatening Hamilton or witnesses with "imminent bodily injury"; (5) causing "offensive or provocative" physical contact with Hamilton or witnesses; (6) intentionally subjecting Hamilton "to mistreatment or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful"; (7) intentionally denying or impeding Hamilton "in the exercise or enjoyment of any right, privilege, power, or immunity, knowing his conduct is unlawful"; and (8) intentionally subjecting Hamilton to sexual

22

the trial court erred by dismissing this request because he adequately pleaded every element necessary to obtain injunctive relief.[11] In response, Pechacek contends that Hamilton's request for injunctive relief fails because he did not allege the threat of imminent injury.

In an appeal from an order granting or denying a temporary injunction, the scope of review is restricted to the validity of the order granting or denying relief. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993); *Argyle ISD v. Wolf*, 234 S.W.3d 229, 237 (Tex. App.—Fort Worth 2007, no pet.). Whether to grant or deny a request for a temporary injunction is within the trial court's discretion, and we will not reverse its decision absent an abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g); *Walling*, 863 S.W.2d at 58.

To be entitled to a temporary injunction, the applicant generally must plead a cause of action and further show both a probable right to recover on that cause of action and a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204; *Argyle ISD*, 234 S.W.3d at 236. An injunction is not proper when the claimed injury is merely speculative; fear and apprehension of injury are not

harassment.

[11] Hamilton also requested a protective order against Pechacek and a mandatory injunction ordering the Executive Director of the TDCJ to file a complaint against Pechacek with the Wichita County District Attorney. Hamilton failed, however, to raise or brief any point challenging the trial court's dismissal of these requests. Therefore, for purposes of this appeal, any alleged error by the trial court in denying these requests is waived. *See* Tex. R. App. P. 38.1(e), (h); *Fredonia State Bank*, 881 S.W.2d at 284–85; *Leachman*, 261 S.W.3d at 305 n.3.

23

sufficient to support a temporary injunction. *Frequent Flyer Depot Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 227 (Tex. App.—Fort Worth 2009, pet. denied); *Jordan v. Landry's Seafood Rest., Inc.*, 89 S.W.3d 737, 742 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (op. on reh'g). Thus, "[a]n injunction will not issue unless it is shown that the respondent will engage in the activity enjoined." *State v. Morales*, 869 S.W.2d 941, 946 (Tex. 1994).

Here, only one alleged incident forms the factual basis of Hamilton's claims—Pechacek's alleged assault on January 9, 2008, by intentionally or negligently spilling coffee on Hamilton and his legal documents. In his original petition, Hamilton contends that "[t]he assault and battery took place from a common and ongoing unjustified and excessive mistreatment of offenders." Hamilton makes no factual allegation, however, supporting this contention or otherwise indicating that he faces any threat of imminent injury from Pechacek. Because Hamilton makes no factual allegation of the threat of imminent injury, we hold that the trial court did not abuse its discretion by denying his request for injunctive relief with prejudice.[12]

## VI. Conclusion

Because we have held that the trial court abused its discretion by dismissing Hamilton's common law assault and battery and personal property claims, his section 1983 excessive force claim against Pechacek individually, and by dismissing

---

[12] Based on our holding that Hamilton failed to allege the threat of imminent injury, we do not address, and express no opinion regarding, Pechacek's alternative arguments attacking Hamilton's request for injunctive relief.

24

with prejudice Hamilton's section 1983 access to courts claim, we reverse the trial court's order as to the dismissal of those claims with prejudice and remand those claims for further proceedings consistent with this opinion.

We affirm the remainder of the trial court's judgment including the dismissal with prejudice of Hamilton's request for injunctive relief; his section 1983 excessive force claim against Pechacek in his official capacity; his section 1983 Due Process claim for the destruction of property; his damages claim based solely upon alleged Texas constitutional violations; his claims based solely upon alleged violations of TDCJ rules, policies, and procedures; his claims based on Texas Penal Code violations or Texas Government Code sections 501.007 and 501.008; and his claims for declaratory judgment, protective order, and mandatary injunction.

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, WALKER, and MEIER, JJ.

DELIVERED: March 11, 2010