

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00103-CV

WILLIE A. MILTON                                                    APPELLANT

V.

NATHANIEL QUARTERMAN,                                    APPELLEES
DIRECTOR OF TDCJ-CID AND
MARY HANSFORD, ALLRED UNIT
MAIL ROOM SUPERVISOR

----------

### FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION ON REHEARING[1]

----------

After considering appellant Willie A. Milton's Motion for Rehearing, we deny the motion, but we withdraw our opinion and judgment of January 27, 2011 and substitute the following.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant, a pro se inmate, appeals the trial court's dismissal with prejudice of his suit against appellees Nathaniel Quarterman and Mary Hansford under chapter 14 of the civil practice and remedies code. We affirm.

After appellant sued appellees alleging that they had improperly withheld mail from him, appellees filed a motion to dismiss, alleging that (1) appellant had failed to attach copies of his Step 1 and Step 2 grievances to his petition as required by section 14.005(b) of the civil practice and remedies code, and thus did not exhaust his administrative remedies and (2) appellant's claims are frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002). Appellant responded, admitting that he did not have copies of his Step 1 and Step 2 grievance forms to attach but claiming that the I-60 and I-153 forms attached to his petition instead were sufficient to meet the requirements of section 14.005(b).[2] The trial court nevertheless dismissed appellant's petition with prejudice.

### Exhaustion of Administrative Remedies

Section 14.005, entitled "Grievance System Decision; Exhaustion of Administrative Remedies," provides as follows:

> (a) *An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court*:

---

[2]Appellant failed to cite any authority or explain why those forms were sufficient to exhaust his administrative remedies.

2

(1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and

(2) a copy of the written decision from the grievance system.

(b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

*Id*. § 14.005(a), (b) (emphasis added). Section 14.005 does not apply to claims that are not grievable under the procedures set forth in the government code. *Id*.; *Milton v. Quarterman*, No. 02-10-00212-CV, 2011 WL 754352, at *2 (Tex. App.—Fort Worth Mar. 3, 2011, no pet. h.) (mem. op.). Claims involving the denial of inmate mail are not grievable because a separate administrative appeal mechanism exists for those claims via Texas Department of Criminal Justice (TDCJ) Board Policy 3.91. *Milton*, 2011 WL 754352, at *2; *see* Tex. Dep't of Criminal Justice, Board Policy 3.91, *Uniform Offender Correspondence Rules* 13 (Feb. 2010), available at http://www.tdcj.state.tx.us/policy/BP0391r2_fnl.pdf.

Appellant attached to his petition evidence that he complied with the appeals procedure in Board Policy 3.91 by sending a written notice of appeal to the Director's Review Committee (DRC) within two weeks of his mail being rejected. He also attached a copy of the DRC's decision upholding the denial of mail. The Board Policy does not specify any other steps required for appeal. Accordingly, we conclude and hold that appellant exhausted his administrative

3

remedies; thus, a dismissal with prejudice would not have been proper on that ground. *See Milton*, 2011 WL 754352, at *2.

## Frivolousness

Appellees also contend that the dismissal was proper because appellant's claims are frivolous. In his original petition, appellant contends that appellees violated his constitutional rights by denying him trial records of another inmate, Michael W. Jewell, which Jewell's wife mailed to appellant for appellant's use in preparing a witness affidavit in Jewell's pending suit. Although appellant cites numerous authorities in his petition, including 42 U.S.C.A. section 1983, the thrust of his contention is that by denying him the trial records, appellees denied appellant the right to "participate in an ongoing litigation as a witness."

Appellees declined to deliver Jewell's trial records to appellant, citing a TDCJ rule that an offender cannot handle another offender's mail. According to appellant, this reason is not applicable because the trial records are public records, and Jewell's wife intentionally mailed those records to appellant. Regardless of whether TDCJ's stated reason for withholding Jewell's trial records from appellant is applicable, however, appellant's state and federal constitutional claims based on the denial of the mail have no basis in law. *See Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2009, no pet.) (stating that we review de novo whether inmate claim has basis in law).

Appellant claims that he was denied the right to participate in litigation as a witness; however, he never alleges why he needed the court documents to

4

prepare his witness affidavit or how he was harmed as opposed to Jewell. *See Lewis v. Casey*, 518 U.S. 343, 349–50, 116 S. Ct. 2174, 2179 (1996) (holding that an inmate must establish actual injury to state a claim for denial of access to the courts under section 1983). Jewell's suit was based in part on his claim that TDCJ had failed for years to meet the staff-to-prisoner ratio mandated by Judge William Wayne Justice in *Ruiz v. Estelle*, 503 F. Supp. 1265 (S.D. Tex. 1980), *rev'd in part*, 679 F.2d 1115 (5th Cir. 1982), and that the shortage of staff was a direct cause of dangerous living conditions for inmates, constituting cruel and unusual punishment. *Jewell v. Bell*, No. 6:09cv181, 2009 WL 3082525, at *1 (E.D. Tex. Sept. 21, 2009), *aff'd*, 388 Fed. App'x 435 (5th Cir. 2010). The district court dismissed Jewell's claims because, among other reasons, as an inmate, he did not have an independent basis for a civil rights suit based on the ratios recommended by Judge Justice in *Ruiz. Jewell*, 2009 WL 3082525, at *3. Although it is possible that, being an inmate, appellant could have provided a factual affidavit to support Jewell's allegations of overcrowding, appellant has nevertheless failed to show any prejudice or harm *to him* arising from the withholding of Jewell's trial records.[3] Moreover, because appellant sued appellees in their official capacities, they are immune from appellant's section

---

[3]The Fifth Circuit also determined that even had Jewell been allowed to amend his pleadings to include more specific factual allegations, such amendment would have been futile. *Jewell*, 388 Fed. App'x at 436.

1983 claim to the extent he seeks damages.[4]  *See Hamilton*, 319 S.W.3d at 811. We therefore conclude and hold that appellant's claims based on the alleged interference with his right to participate in litigation as a witness have no basis in law, and the trial court did not abuse its discretion by dismissing those claims.[5]

Appellant also alleged that appellees violated his equal rights and engaged in a conspiracy to violate his equal rights because white inmates are allowed to receive trial records of other offenders; thus, he contends appellee Hansford singled him out for withholding Jewell's trial records because appellant is black and that appellee Quarterman has allowed and facilitated Hansford's actions, which constitute a TDCJ policy, custom, or procedure.  Appellant did not provide any evidence that he was treated differently from similarly situated white inmates; moreover, even if the reason given for the withholding of appellant's mail was incorrect, that is still not evidence that the denial was for the reason alleged by appellant.  *See Driver v. Groose*, 273 F.3d 811, 811 (8th Cir. 2001); 72 C.J.S.

---

[4]*See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10, 109 S. Ct. 2304, 2312 n.10 (1989) (holding that suits for injunctive relief against state officials in their official capacities are not barred by sovereign immunity).

[5]Appellant cites numerous state and federal statutes and constitutional provisions, many of which speak only to the authority of certain government officials to pursue criminal charges and the jurisdiction of the district court. Accordingly, many of those authorities are not applicable to appellant's suit; however, because all of appellant's claims relate to the denial of the mail—and the sole consequence of the denial that he pled was that he was not able to prepare a witness affidavit in Jewell's case—even if those cited statutes or constitutional provisions were applicable, appellant's allegations based on them would not alter the disposition of this appeal.

*Prisons* § 51 (2011).  Accordingly, we conclude and hold that the trial court did not abuse its discretion by dismissing appellant's claim that he was treated differently from white inmates because it has no arguable basis in law.[6]

We overrule all of appellant's dispositive issues and affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  April 21, 2011

---

[6]Within the trial court's plenary power, appellant filed an affidavit from another inmate at appellant's unit, Gary Walp.  Walp averred that he is white and that on at least three occasions he had received "legal documents" on another offender from a third party "without interference from the James V. Allred Unit mailroom."  Those documents were postmarked 4-18-09, 5-4-09, and 7-31-09.  However, he also averred that on October 26, 2009, about two months after appellant filed the underlying suit, an Allred mailroom clerk denied him copies of correspondence from the same third party on the ground that it contained "copies of court papers on another offender."  Even if the trial court were required to consider this affidavit, the factual allegations still do not state an arguable claim that appellees conspired to deny appellant's mail because of his race or that the denial of appellant's mail as opposed to Walp's was racially based.  *See, e.g., Wilson v. Taylor*, 515 F. Supp. 2d 469, 473 (D. Del. 2007).