02-10-103-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00103-CV


 
 
 Willie A. Milton
 
 
  
 
 
 APPELLANT
  
 
 
 
 
 V.
 
 
 
 
 Nathaniel Quarterman, Director of TDCJ-CID and Mary
 Hansford, Allred Unit Mail Room Supervisor
 
 
  
 
 
 APPELLEES
 
 


 

----------

FROM THE 30th
District Court OF Wichita COUNTY

----------

MEMORANDUM
OPINION ON REHEARING[1]

----------

After
considering appellant Willie A. Milton’s Motion for Rehearing, we deny the
motion, but we withdraw our opinion and judgment of January 27, 2011 and
substitute the following.

Appellant,
a pro se inmate, appeals the trial court’s dismissal with prejudice of his suit
against appellees Nathaniel Quarterman and Mary Hansford under chapter 14 of
the civil practice and remedies code.  We affirm.

After
appellant sued appellees alleging that they had improperly withheld mail from
him, appellees filed a motion to dismiss, alleging that (1) appellant had
failed to attach copies of his Step 1 and Step 2 grievances to his petition as
required by section 14.005(b) of the civil practice and remedies code, and thus
did not exhaust his administrative remedies and (2) appellant’s claims are
frivolous.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon
2002).  Appellant responded, admitting that he did not have copies of his Step
1 and Step 2 grievance forms to attach but claiming that the I-60 and I-153
forms attached to his petition instead were sufficient to meet the requirements
of section 14.005(b).[2]  The trial court
nevertheless dismissed appellant’s petition with prejudice.

Exhaustion of Administrative Remedies

Section
14.005, entitled “Grievance System Decision; Exhaustion of Administrative
Remedies,” provides as follows:

(a) An inmate who
files a claim that is subject to the grievance system established under Section
501.008, Government Code, shall file with the court:

 

          (1) an
affidavit or unsworn declaration stating the date that the grievance was filed
and the date the written decision described by Section 501.008(d), Government
Code, was received by the inmate; and

 

          (2) a copy
of the written decision from the grievance system.

 

(b) A court shall
dismiss a claim if the inmate fails to file the claim before the 31st day after
the date the inmate receives the written decision from the grievance system.

 

Id. §
14.005(a), (b) (emphasis added).  Section 14.005 does not apply to claims that
are not grievable under the procedures set forth in the government code.  Id.;
Milton v. Quarterman, No. 02-10-00212-CV, 2011 WL 754352, at *2 (Tex.
App.––Fort Worth Mar. 3, 2011, no pet. h.) (mem. op.).  Claims involving the
denial of inmate mail are not grievable because a separate administrative
appeal mechanism exists for those claims via Texas Department of Criminal
Justice (TDCJ) Board Policy 3.91.  Milton, 2011 WL 754352, at *2; see
Tex. Dep’t of Criminal Justice, Board Policy 3.91, Uniform Offender
Correspondence Rules 13 (Feb. 2010), available at
http://www.tdcj.state.tx.us/policy/BP0391r2_fnl.pdf.

Appellant
attached to his petition evidence that he complied with the appeals procedure
in Board Policy 3.91 by sending a written notice of appeal to the Director’s
Review Committee (DRC) within two weeks of his mail being rejected.  He also
attached a copy of the DRC’s decision upholding the denial of mail.  The Board
Policy does not specify any other steps required for appeal.  Accordingly, we
conclude and hold that appellant exhausted his administrative remedies; thus, a
dismissal with prejudice would not have been proper on that ground.  See Milton,
2011 WL 754352, at *2.

Frivolousness

Appellees
also contend that the dismissal was proper because appellant’s claims are
frivolous.  In his original petition, appellant contends that appellees
violated his constitutional rights by denying him trial records of another
inmate, Michael W. Jewell, which Jewell’s wife mailed to appellant for
appellant’s use in preparing a witness affidavit in Jewell’s pending suit. 
Although appellant cites numerous authorities in his petition, including 42
U.S.C.A. section 1983, the thrust of his contention is that by denying him the
trial records, appellees denied appellant the right to “participate in an ongoing
litigation as a witness.”

Appellees
declined to deliver Jewell’s trial records to appellant, citing a TDCJ rule
that an offender cannot handle another offender’s mail.  According to
appellant, this reason is not applicable because the trial records are public
records, and Jewell’s wife intentionally mailed those records to appellant.  Regardless
of whether TDCJ’s stated reason for withholding Jewell’s trial records from
appellant is applicable, however, appellant’s state and federal constitutional
claims based on the denial of the mail have no basis in law.  See Hamilton
v. Pechacek, 319 S.W.3d 801, 809 (Tex. App.––Fort Worth 2009, no pet.)
(stating that we review de novo whether inmate claim has basis in law).

Appellant
claims that he was denied the right to participate in litigation as a witness;
however, he never alleges why he needed the court documents to prepare his
witness affidavit or how he was harmed as opposed to Jewell.  See Lewis v.
Casey, 518 U.S. 343, 349–50, 116 S. Ct. 2174, 2179 (1996) (holding that an
inmate must establish actual injury to state a claim for denial of access to
the courts under section 1983).  Jewell’s suit was based in part on his claim that
TDCJ had failed for years to meet the staff-to-prisoner ratio mandated by Judge
William Wayne Justice in Ruiz v. Estelle, 503 F. Supp. 1265 (S.D. Tex.
1980), rev’d in part, 679 F.2d 1115 (5th Cir. 1982), and that the
shortage of staff was a direct cause of dangerous living conditions for
inmates, constituting cruel and unusual punishment.  Jewell v. Bell, No.
6:09cv181, 2009 WL 3082525, at *1 (E.D. Tex. Sept. 21, 2009), aff’d, 388
Fed. App’x 435 (5th Cir. 2010).  The district court dismissed Jewell’s claims
because, among other reasons, as an inmate, he did not have an independent
basis for a civil rights suit based on the ratios recommended by Judge Justice
in Ruiz.  Jewell, 2009 WL 3082525, at *3.  Although it is
possible that, being an inmate, appellant could have provided a factual
affidavit to support Jewell’s allegations of overcrowding, appellant has
nevertheless failed to show any prejudice or harm to him arising from
the withholding of Jewell’s trial records.[3]  Moreover, because
appellant sued appellees in their official capacities, they are immune from
appellant’s section 1983 claim to the extent he seeks damages.[4] 
See Hamilton, 319 S.W.3d at 811. We therefore conclude and hold that
appellant’s claims based on the alleged interference with his right to
participate in litigation as a witness have no basis in law, and the trial
court did not abuse its discretion by dismissing those claims.[5]

Appellant
also alleged that appellees violated his equal rights and engaged in a
conspiracy to violate his equal rights because white inmates are allowed to receive
trial records of other offenders; thus, he contends appellee Hansford singled
him out for withholding Jewell’s trial records because appellant is black and
that appellee Quarterman has allowed and facilitated Hansford’s actions, which
constitute a TDCJ policy, custom, or procedure.  Appellant did not provide any
evidence that he was treated differently from similarly situated white inmates;
moreover, even if the reason given for the withholding of appellant’s mail was
incorrect, that is still not evidence that the denial was for the reason
alleged by appellant.  See Driver v. Groose, 273 F.3d 811, 811 (8th Cir.
2001); 72 C.J.S. Prisons § 51 (2011).  Accordingly, we conclude and hold
that the trial court did not abuse its discretion by dismissing appellant’s
claim that he was treated differently from white inmates because it has no
arguable basis in law.[6]

We
overrule all of appellant’s dispositive issues and affirm the trial court’s
judgment.

 

PER CURIAM

 

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DELIVERED:  April 21, 2011









[1]See Tex. R. App. P. 47.4.





[2]Appellant failed to cite
any authority or explain why those forms were sufficient to exhaust his
administrative remedies.





[3]The Fifth Circuit also determined
that even had Jewell been allowed to amend his pleadings to include more
specific factual allegations, such amendment would have been futile.  Jewell,
388 Fed. App’x at 436.





[4]See Will v. Mich. Dep’t
of State Police, 491 U.S. 58, 71 n.10, 109 S. Ct. 2304, 2312 n.10 (1989)
(holding that suits for injunctive relief against state officials in their
official capacities are not barred by sovereign immunity).





[5]Appellant cites numerous
state and federal statutes and constitutional provisions, many of which speak
only to the authority of certain government officials to pursue criminal
charges and the jurisdiction of the district court.  Accordingly, many of those
authorities are not applicable to appellant’s suit; however, because all of
appellant’s claims relate to the denial of the mail––and the sole consequence
of the denial that he pled was that he was not able to prepare a witness
affidavit in Jewell’s case––even if those cited statutes or constitutional
provisions were applicable, appellant’s allegations based on them would not
alter the disposition of this appeal.





[6]Within the trial court’s
plenary power, appellant filed an affidavit from another inmate at appellant’s
unit, Gary Walp.  Walp averred that he is white and that on at least three
occasions he had received “legal documents” on another offender from a third
party “without interference from the James V. Allred Unit mailroom.”  Those
documents were postmarked 4-18-09, 5-4-09, and 7-31-09.  However, he also
averred that on October 26, 2009, about two months after appellant filed the
underlying suit, an Allred mailroom clerk denied him copies of correspondence
from the same third party on the ground that it contained “copies of court
papers on another offender.”  Even if the trial court were required to consider
this affidavit, the factual allegations still do not state an arguable claim
that appellees conspired to deny appellant’s mail because of his race or that
the denial of appellant’s mail as opposed to Walp’s was racially based.  See,
e.g., Wilson v. Taylor, 515 F. Supp. 2d 469, 473 (D. Del. 2007).