# NO. 12-16-00204-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THOMAS FLORENCE,*<br>*APPELLANT* | § | *APPEAL FROM THE 89TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *KAITYLN MIRE, JAVARIS MILLER,*<br>*AND ROBERT STIVERS,*<br>*APPELLEES* | § | *WICHITA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Thomas Florence appeals from the trial court's dismissal of his suit pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code. In his sole issue on appeal, Florence contends the trial court abused its discretion. We affirm.

## BACKGROUND

Florence, an inmate in the Texas Department of Criminal Justice-Institutional Division (TDCJ), filed suit against TDCJ employees Kaitlyn Mire, Javaris Miller, and Robert Stivers, individually and in their official capacities. He alleged that his right to access to the courts has been impeded and he has been denied procedural due process. Pursuant to Appellees' motion, the trial court dismissed the suit with prejudice for failure to comply with Texas Civil Practice and Remedies Code Chapter Fourteen.

## CHAPTER FOURTEEN

Florence asserts that the trial court abused its discretion by adopting the Appellees' findings and conclusions and dismissing the case. He argues that he complied with Chapter Fourteen and exhausted his administrative remedies. He contends Appellees waived immunity

and were not acting in good faith or within the scope of their authority. Florence asks this court to remand the case to the trial court.

## Applicable Law

Chapter Fourteen of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate filed an affidavit or unsworn declaration of inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West 2017). Under Chapter Fourteen, a trial court may dismiss an inmate's lawsuit for failing to comply with the Chapter's procedural requirements or if it determines the suit is frivolous. *Id*. §§ 14.003-.005; *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.−Fort Worth 2008, no pet.) (op. on reh'g). A claim is frivolous if it has no basis in law or fact. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2). A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies. *Leachman*, 261 S.W.3d at 304.

We review a dismissal under Chapter Fourteen for an abuse of discretion. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.−Fort Worth 2010, no pet.). When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *Id*. A dismissal with prejudice operates as if the case had been fully tried and decided. *Id*. at 810. When reviewing whether the trial court abused its discretion by dismissing claims with prejudice under Chapter Fourteen, we consider whether the inmate's error could be remedied with more specific pleading; if so, a dismissal under Chapter Fourteen with prejudice is improper. *Id*. We will affirm the dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990) (per curiam).

## Analysis

On January 23, 2016, Florence filed a Step 1 grievance complaining about an investigation into a violation Florence allegedly committed on January 14, 2016. Florence explained that because he placed the wrong case number on the form he refiled it on January 25, entering what he believed to be the correct number. On February 4, 2016, the form was returned to Florence without a "Grievance Response," that is, it was returned unprocessed. At the bottom of the preprinted form several potential reasons for returning the form are listed, two of which are marked. The grievance form was returned because the issue presented is "not grievable." A handwritten notation explains that the issue is "[p]ending as of 1/25/16  2016014964." The

second marked reason states that the complaint is redundant.  In explanation, Florence is instructed to refer to grievance # 2016084113.

The TDCJ's inmate grievance procedure is a two-step process outlined in its Offender Orientation Handbook.  TEX. DEP'T OF CRIM. JUSTICE, OFFENDER ORIENTATION HANDBOOK, 73-75 (Feb. 2017), http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf. Inmate complaints about TDCJ employee actions are subject to the grievance procedure. *Leachman*, 261 S.W.3d at 308.  Therefore, Florence had to exhaust his remedies through the grievance process before he could seek judicial review.  TEX. GOV'T CODE ANN. § 501.008(d) (West 2012); *Leachman*, 261 S.W.3d at 309-10.  Here, Florence did not obtain a written decision issued by the highest authority provided for in the grievance system as required by law. TEX. GOV'T CODE ANN. § 501.008(d).  Therefore, Florence may not file a claim in State court regarding the facts in his grievance.  *Id*.  This is not the type of error that could be remedied with more specific pleading.  *See Hamilton*, 319 S.W.3d at 810.  Because Florence failed to properly exhaust his administrative remedies, the trial court did not err by dismissing Florence's claims. TEX. GOV'T CODE ANN. § 501.008(d); TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2).  We overrule Florence's sole issue.

### DISPOSITION

Having overruled Florence's sole issue, we *affirm* the trial court's order of dismissal.  All pending motions are *overruled as moot*.

BRIAN HOYLE
Justice

Opinion delivered October 18, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 18, 2017

NO. 12-16-00204-CV

**THOMAS FLORENCE,**
Appellant
V.
**KAITYLN MIRE, JAVARIS MILLER, AND ROBERT STIVERS,**
Appellees

Appeal from the 89th District Court
of Wichita County, Texas (Tr.Ct.No. 184,429-C)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of dismissal of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*