# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00119-CV

Bernard Rene Vargas, Appellant

v.

Texas Department of Criminal Justice, Texas Board of Criminal Justice,
Texas Board of Pardons and Paroles, Christina Melton Crain,
Rissie Owens, Brad Livingston, and Vanessa Jones, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GN-10-002361, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Bernard Renee Vargas, an inmate appearing pro se and in forma pauperis, appeals an order dismissing his suit against the Texas Department of Criminal Justice and the Texas Board of Criminal Justice (collectively, the "Department"), the Texas Board of Pardons and Paroles (the "Board"), and a number of individual employees of the Department and the Board (collectively with the Department and the Board, the "State Defendants"). Because we conclude that the trial court did not abuse its discretion in dismissing Vargas's suit pursuant to chapter 14 of the Texas Civil Practice and Remedies Code, we will affirm. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002 & Supp. 2012).

## BACKGROUND

Vargas is an inmate housed in the Department's Stiles unit in Beaumont, Texas. On July 13, 2000, this Court affirmed Vargas's judgment of conviction for unlawful possession

of a firearm but reformed the judgment to delete the finding that a deadly weapon was used. *See Vargas v. State*, No. 03-99-00259-CR, 2000 Tex. App. LEXIS 4593, at *28 (Tex. App.—Austin July 13, 2010, pet. ref'd) (mem. op., not designated for publication).

In July 2010, Vargas brought a civil suit for violations of his due-process rights. According to Vargas, the Department did not timely update its files to properly reflect the reformation of his judgment until 2009. Vargas argues that this error prevented the Board from conducting his parole review earlier and also caused him to "be deprived of good conduct time, work time being applied towards parole consideration." Though Vargas ultimately had a parole hearing in 2009 and was denied parole, Vargas alleges that the Board's delay in conducting the hearing has caused him to suffer "irreparable injury." Vargas seeks monetary damages in the amount of $250,000. Vargas also seeks injunctive relief, ordering the State Defendants to "delete all disciplinary cases from [his] files which were brought against [him] during the years 2001-2009, as Defendants had no lawful authority over [him]."

The State Defendants filed a motion to dismiss under chapter 14 of the civil practice and remedies code, which provides that a suit filed by an inmate may be dismissed if the court finds that the claim is frivolous or malicious. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003. The State Defendants moved to dismiss on the grounds that Vargas's claims have no basis in law or fact and that Vargas failed to comply with chapter 14's procedural requirements. *See id*. §§ 14.003(b)(2), 14.004, 14.005, and 14.006. The trial court granted the motion and signed a final judgment dismissing Vargas's claims "as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code." Though not required, the trial court entered findings of fact and conclusions of

law, concluding that "Vargas's claims lack an arguable basis in law."[1] *See Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 655 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (noting that findings of fact and conclusions of law are not required when trial court dismisses under chapter 14 without holding fact hearing).

Vargas subsequently perfected this appeal. In his sole issue on appeal, Vargas argues that his claims have an arguable basis in law and that the trial court abused its discretion in dismissing his claims as frivolous.

## DISCUSSION

The legislature enacted chapter 14 of the Texas Civil Practice and Remedies Code to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates; these suits consume many valuable judicial resources with little offsetting benefits. *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). Chapter 14 applies special procedural rules to inmates who have filed declarations of inability to pay costs in civil causes. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002. Section 14.003 authorizes a trial court to dismiss an inmate's claim if the court determines, among other things, that the claim is frivolous or malicious. *Id*. § 14.003(a)(2). Factors in determining whether a claim is frivolous or malicious include whether:

> (1) the claim's realistic chance of ultimate success is slight;

---

[1] Although the trial court issued written "findings of facts," these "findings" are not the result of any factual determinations made by the trial court. Instead, the trial court's findings of fact and conclusions of law expressly state that these "findings" represent facts asserted in Vargas's pleadings that the trial court assumed were true for purposes of the motion to dismiss.

(2) the claim has no arguable merit in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*See id*. § 14.003(b).

We generally review a dismissal pursuant to chapter 14 under an abuse-of-discretion standard. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.); *Moore v. Zeller*, 153 S.W.3d 262, 263 (Tex. App.—Beaumont 2004, no pet.). Here, the sole issue presented is whether the trial court properly dismissed Vargas's suit for lack of basis in law. *See Hamilton*, 319 S.W.3d at 809 (holding that review focuses on whether inmate's lawsuit has arguable basis in law when no evidentiary hearing is held). This is a legal question, which we review de novo. *Id*. In conducting our review, we take as true the allegations of the inmate's petition and review the types of relief and causes of action set out therein. *Id.* at 801. In other words, we review the inmate's petition to determine whether, as a matter of law, it states a cause of action that would authorize relief. *Id*. A claim has no arguable basis in law if it is an "indisputably meritless legal theory." *Id*.

In his third amended petition, Vargas contends that the State Defendants' lack of policies and procedures with regard to review of inmate records deprived him of his "right to an initial parole review when eligible" in violation of the Due Process Clause and Article 1, Section 19 of the Texas Constitution. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 19. Specifically, Vargas argues that because the Department failed to timely update its records to reflect the change

4

in his judgment of conviction, he was deprived of his right to an initial parole review for eight years. Vargas also contends that, as result of the delay, he was "deprived of good conduct time and work time being applied toward his parole consideration." Instead, according to Vargas, the Department held him "in confinement under a void sentence and judgment causing [his] sentence to be exceeded in an unexpected manner" and, as a result, he has suffered "lost earning capacity by preventing [him] from carrying on business functions [and] commercial transactions."

The State Defendants moved to dismiss Vargas's suit, in part, on the ground that his claims had "no arguable basis in law." Citing *Heck v. Humphrey*, the State Defendants argued that Vargas could not bring his claim for damages, but instead was required to first bring a habeas corpus suit. *See* 512 U.S. 477, 486 (1994). The trial court concluded that Vargas's claims "lack an arguable basis in law" and dismissed his suit.

Generally, section 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *see* 42 U.S.C. 1983 (2003) (providing private cause of action for violations of federal constitutional rights). However, in *Heck v. Humphrey,* the United States Supreme Court explained that civil tort actions, such as suits under section 1983, are inappropriate vehicles for challenging the validity of outstanding criminal judgments. 512 U.S. at 486. Accordingly, the Court held that an inmate can not bring a civil action for damages that "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement," unless the plaintiff can demonstrate that the conviction or sentence has already been reversed on direct appeal, expunged by executive order, or declared invalid in a collateral proceeding. *Id.* at 486-87.

5

The Supreme Court later applied the rule announced in *Heck* to a section 1983 claim for due-process violations arising from an inmate disciplinary hearing that resulted in the loss of good-time credit. *See Edwards v. Balisok,* 520 U.S. 641, 647 (1997). The Court observed that, although the plaintiff claimed that he was complaining only of defects in the hearing procedure, his claims for monetary damages and declaratory relief were barred because, if established, they would "necessarily imply the invalidity of the punishment imposed." *Id.* at 648. Thus, under *Heck* and its progeny, state inmates "must use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). When a civil suit seeks a speedier release or a judicial determination that necessarily implies the invalidity of an inmate's conviction or confinement, it must be dismissed unless the plaintiff can demonstrate that the sentence has already been invalidated. *Heck*, 512 U.S. at 487.

Although Vargas's pleadings do not expressly state that he is bringing his claims under section 1983, it is clear that he seeks damages in tort for alleged constitutional violations.[2] *See Johnson v. Thaler*, No. 02-10-00435-CV, 2011 Tex. App. LEXIS 3606, at *5-6 (Tex. App.—Fort Worth May 12, 2011, no pet.) (mem. op.) (noting that inmate's constitutional claims were brought as civil torts and therefore subject to *Heck*, even though he did not explicitly claim that he was bringing his claims under section 1983). Liberally construing Vargas's pleadings, his causes of action center on procedural defects in the Board's system for determining his eligibility for parole review and for good-time credits.

---

[2] Vargas asserts that the State Defendants' actions have violated his due-process rights under the United States Constitution and the Texas Constitution. However, there is no recognized common law action for damages against governmental entities for violations of the Texas Constitution and no statute comparable to 42 U.S.C. § 1983. *See City of Beaumont v. Boullion*, 896 S.W.2d 143, 147 (Tex. 1995).

With respect to the relief sought, Vargas does not demand any adjustment of his release date and therefore, does not directly seek a speedier release. On the other hand, although Vargas complains about procedural defects in the State Defendants' handling of his parole eligibility determination, he does not seek a new or speedier parole review. *Cf. Wilkinson*, 544 U.S. at 82 (permitting challenge to parole proceeding under section 1983 because prisoners' claims for declaratory and injunctive relief would not "necessarily spell speedier release," but would only speed consideration of new parole application and new parole hearing). Instead, Vargas seeks monetary damages and injunctive relief related to the Board's alleged failure to conduct a timely parole review and to consider his work services and good conduct as good-time credit. Vargas's claims are barred by *Heck* if they necessarily imply the invalidity of his confinement, unless Vargas demonstrates that this confinement has been previously invalidated. *See* 512 U.S. at 487.

We first consider Vargas's claim for injunctive relief. Vargas requests that the trial court order the State Defendants to delete all disciplinary cases brought against him from 2001 through 2009. Because this request is premised on the Department's "[un]lawful authority over him," the claim necessarily implicates the unlawfulness of his confinement. Given that Vargas does not contend that his confinement has already been invalidated, he is in effect, "challeng[ing] the legality of his detention in the wrong court using the wrong vehicle." *See Johnson*, 2011 Tex. App. LEXIS at *5-6. Therefore, the trial court did not err in concluding that Vargas's claim for injunctive relief lacks an adequate basis in law.

Next, we consider Vargas's claim for damages based on the Department and the Board's failure to timely recognize his right to parole review. Based on Vargas's pleadings, it is unclear if this claim necessarily implies the invalidity of the Board's 2009 parole decision. However,

7

even assuming that this claim is not barred by *Heck*, we nevertheless conclude that it is based on an indisputably meritless legal theory. *See Hamilton*, 319 S.W.3d at 801.

In Texas, parole "is the discretionary and conditional release of an eligible inmate." Tex. Gov't Code Ann. § 508.001(6) (West 2012). Whether an inmate will actually obtain parole is entirely speculative. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Consequently, Texas law does not create a liberty interest in being released on parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectation of release on parole.[3] *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (concluding that delay in consideration for parole cannot support constitutional claim). Thus, the trial court did not err in concluding that Vargas's constitutional claims based on the Board's failure to conduct a timely parole hearing lack an adequate basis in law.

Finally, turning to Vargas's claim regarding his good-conduct time, we recognize that a prisoner may have a constitutional expectancy of early release for earned good-time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (holding that Nebraska statute bestowing mandatory sentence reductions for good behavior created liberty interest in credits)*; Malchi*, 211 F.3d at 953 (noting that "when a state creates a right to good time credit and recognizes that its revocation is an unauthorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment's liberty concern"). Under Texas law, an inmate may become eligible for early release

---

[3] In contrast, once an inmate obtains parole, his liberty, although indeterminate, is within the protection of the Fourteenth Amendment. *Morrissey v. Brewer*, 408 U.S. 471, 483 (1972) (concluding that parole revocation hearings fall within protection of due process clause). Thus, any attempt by the State to revoke his parole must comport with due process. *Id*. at 482; *Ex parte Caroma*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (recognizing that due process applies to parole revocations).

8

through parole or through "mandatory supervision." *See* Tex. Gov't Code § 508.001(5) (defining "mandatory supervision" as "the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division"). A prisoner "who is not on parole shall be released to mandatory supervision" when his time served and his accrued good-time credit equal the maximum term to which he was sentenced. *Id*. § 508.147 (West 2012). The Texas "mandatory supervision" scheme creates a legitimate, though limited, expectation of early release, and consequently, a liberty interest in previously earned good-time credit. *See Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Ex parte Geiken*, 28 S.W.3d 553, 559 (Tex. Crim. App. 2000) (holding that inmate is entitled to opportunity to be heard before Board makes decision of whether to release inmate under mandatory supervision). Thus, an inmate is entitled to due process before any previously earned good-time credit can be revoked. *Teague*, 482 F.3d at 777.

Here, Vargas does not complain that any previously earned credit has been revoked. Instead, Vargas alleges that he was denied the opportunity to accrue good-time credit for his behavior and work services. A delay in the opportunity to earn good-time credit based on earning status does not implicate a liberty interest under the Due Process Clause. *See Malchi*, 211 F.3d 958-59; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[T]he mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause."). This is because any effect of a prisoner's good-time earning status on his release is too attenuated to create any expectation of release. *Id*. Therefore, the trial court did not err in concluding that Vargas's constitutional claims based on the Department's failure to timely recognize his good-time-earning status lack an adequate basis in law.

9

The trial court did not err in concluding that Vargas's claims lack an adequate basis in law.[4] Consequently, the trial court did not abuse its discretion in dismissing the claims as frivolous. We overrule Vargas's sole issue on appeal.

## CONCLUSION

Because we have determined that the trial court did not abuse its discretion in granting the State Defendants' motion to dismiss under chapter 14 of the civil practice and remedies code, we affirm the trial court's final judgment dismissing Vargas's suit.

_____

Diane M. Henson, Justice

Before Justices Puryear, Pemberton and Henson

Affirm

Filed: November 30, 2012

---

[4] Vargas filed a motion requesting that this Court take judicial notice of a variety of issues. For example, Vargas asks us to take judicial notice of the following: (1) that "[State Defendants] failed to contest [Vargas's] cause of action," (2) that "the trial court's finding[s] of fact 1 and 5 prove [Vargas's] case," and (3) that Texas Government Code section 492.0131 requires "[State Defendants] to identify and correct the type of problem which resulted in [Vargas's] injury." Rule 201 of the Texas Rules of Evidence provides that a court may take judicial notice of an adjudicative fact, whether requested or not by a party, if the fact is not subject to a reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Tex. R. Evid. 201(b), (c). None of the "facts" that Vargas requests us to take judicial notice of are adjudicative facts under rule 201. *See id.* Accordingly, Vargas's second omnibus motion is denied.