**Opinion filed September 20, 2018**



## In The

# 𝕰𝖑𝖊𝖛𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## No. 11-16-00281-CV

_____

## DONALD DAVIS, Appellant

## V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 023892**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the dismissal of a pro se, *in forma pauperis* lawsuit brought by inmate Donald Davis against the Texas Department of Criminal Justice (TDCJ). *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (West 2017). After considering a response filed on behalf of TDCJ, the trial court entered a final judgment in which it dismissed Davis's claims as frivolous under Chapter 14. Davis subsequently filed a motion for sanctions under Rule 13 of the Texas Rules of Civil Procedure, which the trial court denied. On appeal, Davis presents two issues: one

challenging the dismissal under Chapter 14 and one challenging the denial of sanctions. We affirm.

Davis alleged in his pleadings that TDCJ increased its maximum capacity without adequate investigation and incorrectly decided Davis's indigent-postage dispute without adequate investigation. Davis sought the following declaratory relief: Declare that TDCJ's increase in maximum capacity violated provisions of the Texas Government Code[1] because the increase resulted in inadequate staff to investigate Davis's dispute and inadequate staff to properly implement the administrative rules regarding indigent postage and supplies. Davis also sought injunctive relief and a declaration that prisoners have a protected property interest in their inmate trust fund account and that TDCJ cannot assign debts to an inmate trust fund account based on incorrect, arbitrary, or capricious application of administrative rules regarding indigent postage and supplies. Davis additionally asserted that TDCJ violated the Texas Open Meetings Act[2] with respect to "meetings to change or revise Board Policy (BP) 03.91 I C 6." We note that BP-03.91, section I.C.6 was revised in 2013 to provide that certain quantities of postage and stationery "shall be furnished to an indigent offender" but that "[f]unds expended by the TDCJ for postage and stationery for indigent offenders shall be recouped by the TDCJ from funds later deposited in the offender's [inmate trust fund] account."[3]

---

[1]Davis cited Section 499.102(a)(7)(D) and (a)(12). *See* TEX. GOV'T CODE ANN. § 499.102 (West 2012). This statute provides that the staff of TDCJ "may recommend to the administration of the institutional division that the maximum capacity . . . be increased if the staff determines" that the increase can be made and still provide sufficient staff to "provide adequate internal affairs investigation and review" and "adequate assistance from persons trained in the law or a law library with a collection containing necessary materials and space adequate for inmates to use the law library for study related to legal matters." *Id.* § 499.102(a)(7)(D), (a)(12).

[2]*Id.* ch. 551 (West 2017 & Supp. 2017).

[3]https://www.tdcj.state.tx.us/documents/policy/BP0391.pdf.

In his first issue, Davis asserts that the trial court abused its discretion when it dismissed his petition as frivolous under Chapter 14 and when it permitted his motion for new trial to be overruled by operation of law. The legislature enacted Chapter 14 to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates, as these suits consume many valuable judicial resources with little offsetting benefits. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.) (citing *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied)). Under Chapter 14, a trial court may dismiss a claim by an inmate if it finds the claim to be frivolous or malicious. CIV. PRAC. & REM. § 14.003(a)(2); *see Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). To determine whether a claim is frivolous or malicious, a court may consider whether (1) the claim's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or in fact, (3) it is clear that the party cannot prove facts in support of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate. CIV. PRAC. & REM. § 14.003(b).

We review a Chapter 14 dismissal for an abuse of discretion. *Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.). When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact but no fact hearing is held, the appellate court's review will focus on whether the lawsuit has an arguable basis in law. *Calton v. Schiller*, 498 S.W.3d 247, 253 (Tex. App.—Texarkana 2016, pet. denied). Whether a claim has an arguable basis in law is a legal question that we review de novo. *Hamilton*, 319 S.W.3d at 809. "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory." *Id.* On appeal, we take as true the factual allegations in an inmate's petition and consider whether, as a matter of law, the inmate stated a cause of action that would authorize

relief. *Id.* We will affirm the dismissal if it was proper under any legal theory. *Id.* (citing *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990)).

Here, Davis's claims have no arguable basis in law. Davis relies on Section 499.110 of the Texas Government Code and Section 37.004 of the Texas Civil Practice and Remedies Code (a provision in the Uniform Declaratory Judgments Act (UDJA)) as authority for the trial court to consider his claims for declaratory relief. *See* TEX. GOV'T CODE ANN. § 499.110 (West 2012) (providing that subchapter B of the Administrative Procedure Act (APA) applies to decisions made under Sections 499.102–499.109 of the Government Code); CIV. PRAC. & REM. § 37.004 (West 2015); *see also* GOV'T ch. 2001 (West 2016 & Supp. 2017) (the APA).

With respect to Davis's claims for declaratory relief under the Government Code, we note that the validity or applicability of an administrative rule may, in certain situations, be determined in an action for declaratory judgment. GOV'T § 2001.038. However, Davis's claims are explicitly excluded by the APA. Section 2001.226 provides that the APA "does not apply to a rule or internal procedure of the Texas Department of Criminal Justice or Texas Board of Criminal Justice that applies to an inmate . . . or to an action taken under that rule or procedure." *Id.* § 2001.226. We note also that this suit was not brought in a Travis County district court as required by the APA. *See id.* § 2001.038(b).

With respect to Davis's claims for declaratory relief under the UDJA, we observe that state agencies are immune from suits under the UDJA unless the legislature has waived immunity for the particular claims at issue. *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011). Davis has not challenged the validity of a statute; instead, he complains of TDCJ's lack of compliance with the provisions of a statute. Davis did not bring this action against a state official or employee of TDCJ. TDCJ is immune from Davis's claims under the UDJA. *See*

4

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73, 373 n.6 (Tex. 2009); *see also Sefzik*, 355 S.W.3d at 621–22.

With respect to Davis's claim under the Open Meetings Act, he asserted that TDCJ violated that Act, and he requested a trial court finding to that effect. In an amicus curiae advisory to the trial court, the Attorney General of Texas attached the minutes from a TDCJ meeting related to BP-03.91, about which Davis complains. The schedule, the agenda, and the minutes of the 168th meeting of the Texas Board of Criminal Justice on August 23, 2013, belie the assertions made by Davis. *See* http://www.tdcj.state.tx.us/documents/TBCJ_Schedule_2013-08.pdf (schedule); http://www.tdcj.state.tx.us/documents/TBCJ_Summary_2013-08.pdf (agenda and minutes).

Finally, Davis's request for injunctive relief was also frivolous. To be entitled to injunctive relief, Davis would have to show the existence of a wrongful act, imminent harm, and irreparable injury and the absence of an adequate remedy at law. *See Morris v. Collins*, 881 S.W.2d 138, 140 (Tex. App.—Houston [1st Dist.] 1994, writ denied). We conclude that the trial court did not abuse its discretion by dismissing Davis's claims as frivolous under Chapter 14. Furthermore, the trial court did not abuse its discretion when it permitted the motion for new trial to be overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). We overrule Davis's first issue.

In his second issue, Davis asserts that the trial court abused its discretion when it denied Davis's request for Rule 13 sanctions without holding a hearing thereon. *See* TEX. R. CIV. P. 13. The record reflects that Davis requested sanctions against the assistant attorney general who signed the advisory. Davis alleged that the assistant attorney general made "false and untrue statements" in the advisory. First, Rule 13 does not state that an evidentiary hearing is required to deny a Rule 13 motion. *See Skinner v. Levine*, No. 04-03-00354-CV, 2005 WL 541341, at *3 (Tex.

App.—San Antonio Mar. 9, 2005, no pet.) (mem. op.).  Second, based on a review of the amicus curiae advisory, we hold that the trial court acted within its discretion in this case to deny Davis's motion.  *See* TEX. R. CIV. P. 13.  We overrule Davis's second issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


September 20, 2018

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[4];
and Wright, S.C.J.[5]

Willson, J., not participating.

---

[4]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[5]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.