**Opinion filed July 12, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00220-CV

_____

## GORDON R. SIMMONDS, Appellant

## V.

## NORMA A. HARRISON, Appellee

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 022223**

### O P I N I O N

This is an appeal from an order dismissing an inmate's pro se civil action. We affirm.

*Background Facts*

Appellant, Gordon R. Simmonds, sued Norma A. Harrison in her official capacity as a mailroom administrative assistant at the French Robertson Unit of the Texas Department of Criminal Justice – Institutional Division. Appellant alleged that Harrison denied him access to a package because money was due. He asserted that Harrison's action constituted trespass to personal property, conversion, tortious interference, abuse of authority, official oppression, intentional infliction of emotional distress, and mental anguish. Appellant sought $612.20 for

actual damages plus damages for mental suffering and emotional distress as well as exemplary, punitive, and treble damages. The trial court dismissed appellant's action prior to service of process based upon its finding that the suit was frivolous and malicious.

Appellant states in his brief that this action is identical to the litigation that was the subject of our prior opinion in Cause No. 11-09-00359-CV. In that proceeding, the trial court dismissed appellant's claims upon finding that he had failed to comply with Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (West 2002 & Supp. 2011) and that his claims were frivolous. We affirmed the trial court's order of dismissal entered on October 23, 2009, in a memorandum opinion issued on January 6, 2011. Appellant filed the underlying proceeding on May 24, 2010, while the appeal in Cause No. 11-09-00359-CV was still pending, presumably to correct procedural errors that existed with the previous suit.

*Analysis*

Chapter 14 of the Texas Civil Practice and Remedies Code applies to lawsuits filed by an inmate in a district court, county court, justice of the peace court, or small claims court where the inmate files an affidavit or unsworn declaration of an inability to pay costs. *See* Section 14.002(a). The legislature enacted Chapter 14 to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefit. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). Chapter 14 sets forth procedural requirements an inmate must satisfy as a prerequisite to filing suit. Sections 14.002, 14.004–.006; *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). Even if an inmate satisfies the necessary filing requirements, however, the trial court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious. Section 14.003; *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A claim is frivolous or malicious if it has no basis in law or fact or if its realistic chance of ultimate success is slight. Section 14.003(b)(1), (2).

We review a trial court's dismissal of an inmate's suit under Chapter 14 for abuse of discretion. *See Wilson v. TDCJ-ID*, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no pet.); *Bishop*, 131 S.W.3d at 574; *Thompson v. Tex. Dep't of Criminal Justice-Inst. Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A trial court abuses its discretion

if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *See* Section 14.003; *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). In conducting our review, we take as true the allegations in the inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *See Scott*, 209 S.W.3d at 266; *Harrison v. Tex. Dep't of Criminal Justice, Inst. Div.*, 164 S.W.3d 871, 875 (Tex. App.—Corpus Christi 2005, no pet.). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Scott*, 209 S.W.3d at 266–67.

Section 14.005 establishes requirements for an inmate who files a claim that is subject to the grievance system established under TEX. GOV'T CODE ANN. § 501.008 (West 2012). Section 14.005(b) provides that "[a] court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." A suit that is not timely filed pursuant to Section 14.005(b) is barred and may be dismissed with prejudice. *Moreland v. Johnson*, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Appellant alleged as follows regarding the presentation of his claim under the grievance system:

> EXHAUSTION OF ADMINISTRATIVE REMEDIES: [Appellant] utilized the grievance procedures established under Section 501.008 of the Texas Government Code. On May 10, 2009, [appellant] submitted his Step 1 Grievance presenting the facts relating to this instant petition. On May 13, 2009, he was sent a response which was erroneous. On May 18, 2009, [appellant] submitted his Step Two Grievance, and on June 17, 2009, he received a final decision which failed to provide complete relief.

Thus, appellant alleges that he received a final decision from the grievance system on June 17, 2009. However, appellant did not file the underlying action until May 24, 2010, a date that is more than thirty-one days after receiving the final decision from the administrative grievance system.

Appellant made an attempt to overcome the thirty-one day requirement of Section 14.005(b) by asserting that he filed the claim in underlying Cause No. 11-09-00359-CV within thirty-one days after receiving a final decision from the administrative grievance system. In this regard, appellant is essentially seeking to relate the filing date of his petition back to the date that he filed an earlier petition that both the trial court and this court determined did not comply with the statutory prerequisites for filing a proceeding under Chapter 14. He has not cited any authority that supports this proposition. In *Garrett v. Nunn*, 275 S.W.3d 604, 607–08 (Tex. App.—Amarillo 2008, no pet.), the court rejected an attempt by an inmate to relate the filing of a subsequent petition back to the date of an earlier filed petition for the purpose of satisfying Section 14.005(b). In the absence of conflicting authority, we agree that an inmate proceeding in forma pauperis cannot relate the filing of a petition back to the date of an earlier filed petition in order to comply with the time requirement of Section 14.005(b).

A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Accordingly, the trial court did not abuse its discretion in determining that appellant's claim had no basis in law because appellant failed to bring his suit timely. Appellant's sole issue is overruled.

*This Court's Ruling*

The order of the trial court is affirmed.


TERRY McCALL

JUSTICE


July 12, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4