

NUMBER 13-13-00217-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**DAVID READEAUX #786468,**                                                    **Appellant,**

**v.**

**TRINA VELASQUEZ, ET.AL.,**                                                    **Appellees.**

### On appeal from the 343rd District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Longoria
### Memorandum Opinion by Justice Longoria

By one issue, appellant Donald Readeaux,[1] an inmate proceeding pro se,

appeals the trial court's dismissal of his suit against appellees Trina Vasquez and

---

[1] The trial court's dismissal order and the State's amicus curiae brief refers to appellant as "Readeauz" but appellant's hand-written notice of appeal refers to him as "Readeaux." Because the difference is not germane to the disposition of this appeal, for the sake of clarity we will refer to appellant as "Readeaux."

Correctional Officer Kennedy[2] for frivolousness and for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2002). We affirm.

## I. BACKGROUND

Appellant is an inmate in the Texas Department of Criminal Justice unit in Beeville, Texas. Appellant filed suit for a declaratory judgment that appellees had stolen his radio. The trial court requested and received an amicus curiae brief from the Office of the Texas Attorney General. *See id.* § 14.009. The Attorney General recommended that appellant's lawsuit be dismissed on multiple grounds. The trial court entered an order dismissing appellant's lawsuit as "frivolous and for failing to comply with Chapter 14 of the Texas Civil Practice and Remedies Code." *See id.* §§ 14.001–.009. This appeal followed.[3]

## II. ANALYSIS

### 1. Standard of Review and Applicable Law

Litigation by inmates "in which the inmate files an affidavit or unsworn declaration of inability to pay costs is governed by special procedural rules set out in chapter fourteen of the civil practice and remedies code." *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2003, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001. We review a dismissal of an inmate lawsuit brought under chapter 14 for abuse of discretion. *Thomas*, 52 S.W.3d. at 294. "To establish abuse of discretion,

---

[2] Appellant stated in his Original Petition that he never learned Officer Kennedy's first name.

[3] The Attorney General again filed an amicus curiae brief in this Court recommending that we affirm the trial court's order.

the complaining party must show that the trial court's action was arbitrary or unreasonable in light of all of the circumstances of the case." *Id.*

Inmates must receive a decision from the "highest authority" in the prison grievance system before filing a claim in state court. TEX. GOV'T CODE ANN. § 501.008(d) (West 2004). Further, an inmate must file a claim in state court "before the 31st day after the date the inmate receives the written decision from the grievance system." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). "A suit that is not timely filed pursuant to Section 14.005(b) is barred and may be dismissed with prejudice." *Simmon v. Harrison*, 387 S.W.3d 812, 814–15 (Tex. App.—Eastland 2012, pet. filed) (citing *Moreland v. Johnson*, 95 S.W.3d 397, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.)).

### 2. Discussion

In his sole issue, appellant complains that the trial court erred in dismissing his lawsuit because it did not permit him to remedy his noncompliance with chapter 14. Appellant attached a copy of both his Step One and Step Two Grievance Response Forms to his original petition. The Step Two Form is dated as being returned to appellant on July 28, 2012. According to the provisions of section 14.005(b), appellant's deadline to file suit was therefore August 27, 2012. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). Appellant's original petition was filed on October 1, 2012, sixty-four days after the deadline. If an inmate fails to comply with deadlines in section 14.005(b), the trial court "has no discretion but to dismiss the lawsuit." *Lewis v. Johnson*, 97 S.W.3d 885, 888 (Tex. App.—Corpus Christi 2003, no pet.). Because the chapter 14 defect in appellant's lawsuit could not be remedied, we conclude that the court did not

abuse its discretion in dismissing appellant's lawsuit.  *See id.*; *see also Simmon*, 387 S.W.3d at 814–15; *Moreland*, 95 S.W.3d at 395.

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the order of the trial court.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
15th day of August, 2013.