**Opinion filed October 29, 2015**



In The

# Eleventh Court of Appeals

_____

### No. 11-13-00363-CV

_____

## DONALD DAVIS, Appellant

## V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE ET AL., Appellees

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 022544**

## M E M O R A N D U M   O P I N I O N

Appellant, Donald Davis, is currently incarcerated at the French M. Robertson Unit of the Institutional Division of the Texas Department of Criminal Justice, located in Jones County. Appearing pro se and *in forma pauperis*, Appellant challenges the trial court's order dismissing his suit without a hearing. We affirm.

On August 2, 2011, Appellant filed the underlying action against the Texas Department of Criminal Justice (TDCJ). He amended his complaint on August 5, 2011, to include S. Leal, a TDCJ mailroom official. Appellant alleged that Leal confiscated his publication of *Blackmen* because it contained "group related material." Appellant claimed that he had a four-year paid subscription to the magazine. Appellant asserted three causes of action in his first amended complaint. In his first cause of action, he claimed that "Defendant's negligent use/misuse of tangible personal property and tort of conversion of Plaintiff's publication [was] the proximate cause of Plaintiff's damages resulting from the Defendant's negligent use/misuse and conversion of tangible personal property." Appellant asserted in his second cause of action that the "Defendant" violated Appellant's rights to utilize the grievance system in violation of the "equal protection of the law." In his third cause of action, Appellant claimed that "Defendant's racial discriminatory practices in its application of the TDCJ Correspondence Rules violated Plaintiff's rights to the equal protection of the law." Without holding a hearing, the trial court dismissed Appellant's suit as frivolous for failure to comply with Chapter Fourteen of the Texas Civil Practice and Remedies Code. Appellant filed a motion for new trial, which was overruled by operation of law.

On appeal, Appellant presents two issues for our review. In his first issue, he asserts that the trial court abused its discretion when it dismissed his complaint without a hearing. He also contends that the trial court erred when it dismissed his complaint because his claims have an arguable basis in law. Appellant argues in his second issue that the trial court abused its discretion when it denied his motions for new trial or allowed the motions to be overruled by operation of law. In addition, Appellant complains about the trial court's refusal to grant his motion for default judgment against Leal.

Chapter Fourteen of the Texas Civil Practice and Remedies Code governs *in forma pauperis* inmate proceedings. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2014). A trial court may dismiss a claim, either before or after service of process, if the court finds that the claim is frivolous or malicious. *Id.* § 14.003(a)(2) (West 2002). To determine whether a claim is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate. *Id.* § 14.003(b). We review a dismissal order in lawsuits of this nature for an abuse of discretion. *Simmonds v. Harrison*, 387 S.W.3d 812, 814 (Tex. App.—Eastland 2012, no pet.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Appellant alleges in his first issue that the trial court refused to consider his hearing request in accordance with Section 14.003(c). Appellant cites to *Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.), in support of his proposition that "a hearing is absolutely necessary when a party asserts evidence that could have been presented had there been a hearing." Section 14.003(c) does not require a trial court to hold a hearing but, instead, provides that a trial court may hold a hearing to determine whether a claim is frivolous or malicious. *See* CIV. PRAC. & REM. § 14.003(c). In *Hall*, the court explained that "[n]o abuse of discretion is shown, where the inmate does not demonstrate that there is evidence he would have presented had a hearing been held." 39 S.W.3d at 724 (citing *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 938 (Tex. App.—Fort Worth 1997, pet. denied)). Here, Appellant contends that he offered to present evidence of the papers he filed with the clerk to show that he complied with Chapter Fourteen's filing requirements,

such as the filing of certain affidavits, the inmate trust fund statement, and the written decisions from the administrative agency. *See* CIV. PRAC. & REM. §§ 14.003, 14.004, 14.005. He maintains that it was error for the trial court to refuse to hold a hearing or to consider papers already on file.

There is no indication in the record that the trial court refused to consider the papers that Appellant filed with the clerk of the court. Appellant has also not alleged that there are papers that he filed that are missing from the clerk's record. Therefore, Appellant has not demonstrated that he would have presented evidence at the hearing that was not already before the court.

Appellant also argues in his first issue that the trial court erred when it dismissed his suit as frivolous because his claims have an arguable basis in law. Although we generally review a dismissal order under Chapter Fourteen for an abuse of discretion, we review whether a claim has an arguable basis in law de novo. *Brewer v. Simental*, 268 S.W.3d 763, 770 (Tex. App.—Waco 2008, no pet.). To determine whether the trial court properly decided that there was no arguable basis in law for Appellant's claims, we examine the types of relief and causes of action pleaded to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Jackson v. Tex. Dep't of Criminal Justice-Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied).

Appellant's first cause of action contained a claim for negligent use/misuse of property under the Texas Tort Claims Act and a claim for conversion. Section 101.021(2) of the Act provides that a governmental unit in the state is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." CIV. PRAC. & REM. § 101.021(2) (West 2011). Appellant argues that his magazine was tangible property and that the TDCJ caused Appellant's injury and loss because of its use/misuse of his property. Appellant,

4

however, does not claim that he has suffered a personal injury from the misuse of his property; therefore, his claim under Section 101.021(2) has no arguable basis in law. *See, e.g.*, *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.) (citing *Jones v. Tex. Dep't of Criminal Justice-Inst. Div.*, 318 S.W.3d 398, 404–05 (Tex. App.—Waco 2010, pet. denied)).

Appellant's conversion claim also has no arguable basis in law. Conversion is an intentional tort, and the Texas Tort Claims Act does not waive immunity from suit for intentional torts alleged against a governmental entity or its employees. *See* CIV. PRAC. & REM. § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort."); *Jones*, 318 S.W.3d at 404 ("The Texas Tort Claims Act does not waive immunity from suit for intentional torts."). Thus, Appellant cannot maintain suit against the TDCJ or Leal in his official capacity for the tort of conversion. In addition, under Section 101.106(f), Appellant cannot maintain suit against Leal in his individual capacity because Leal was acting within the scope of his employment as a mailroom official in the Robertson Unit. *See* CIV. PRAC. & REM. § 101.106(f) (providing that, "[i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is . . . against the employee in the employee's official capacity only"). The Supreme Court of Texas has held that the phrase "under this chapter" is not limited to a tort claim for which the Tort Claims Act waives immunity but, instead, encompasses all common-law tort theories, including a claim for an intentional tort. *Franka v. Velasquez*, 332 S.W.3d 367, 369, 377–80 (Tex. 2011) (relying on *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658–60 (Tex. 2008)). Therefore, the trial court did not err when it dismissed Appellant's first cause of action as frivolous.

In his second cause of action, Appellant alleged that the TDCJ violated his rights to utilize the grievance system for a redress of grievance in violation of the equal protection of the law afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, section 19 of the Texas constitution. An inmate, however, does not have a constitutionally protected right to access a grievance procedure. *See, e.g.*, *Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App—San Antonio 2009, pet. denied) (citing *Newby v. Chambers*, No. 14-08-00338-CV, 2009 WL 1416078, at *3 (Tex. App.—Houston [14th Dist.] May 21, 2009, no pet.) (mem. op.)). Appellant may have a statutory right to access the grievance system created by the TDCJ; however, Appellant did not allege a statutory violation in this case. *See* TEX. GOV'T CODE ANN. § 501.008 (West 2012) (setting out requirements for inmate grievance system). Moreover, Appellant maintains that, although the TDCJ failed to process his Step One and Step Two grievance forms, he asserted his grievance through the appeal process in the correspondence rules. Based on Appellant's own allegations, it appears that he was able to appeal Leal's decision to deprive him of his magazine. Therefore, Appellant's second claim does not have an arguable basis in law.

Appellant alleged in his third cause of action that "Defendant's racial discriminatory practices in its application of the TDCJ Correspond[e]nce Rules violated Plaintiff's rights to the equal protection of the law afforded" by the First, Fifth, and Fourteenth Amendments to the United States Constitution and by Article I, section 19 of the Texas constitution and violated his rights under 42 U.S.C. § 1983. Appellant further asserted that Leal and the TDCJ restricted his "correspond[e]nce rights solely because Plaintiff is a black prisoner who[se] origin originates in a minority group that is black" and that they restricted his "correspond[e]nce rights to a publication company that distributes literature and art of black culture."

6

We must first determine what precise claim Appellant alleged in his third cause of action. Although Appellant discusses his right to free speech in his brief, we do not read Appellant's third cause of action to state a claim for a violation of his right to free speech under the First Amendment, nor do we read this cause of action as a due process claim under the Fifth Amendment. Instead, we read Appellant's third cause of action as a claim for racial discrimination. We note that nowhere in Appellant's first amended complaint does he mention freedom of speech or due process. Furthermore, the first sentence in Appellant's first amended complaint states, "This is a complaint for violation of the Texas Tort Claims Act and for acts of racial discrimination in violation of the U.S. and Texas Constitution." Therefore, we will address Appellant's third cause of action as a Section 1983 claim based upon racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

To assert an equal protection claim, Appellant must establish that he was treated differently than other similarly situated parties and that he was treated differently without a reasonable basis. *Sanders v. Palunsky*, 36 S.W.3d 222, 225 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Here, Appellant did not allege facts that show whether other similarly situated inmates were granted or denied access to similar publications. In addition, to allege racial discrimination in a Section 1983 cause of action, Appellant must state specific facts that allege discrimination, not merely conclusory allegations of discrimination. *Geiger v. Landes*, No. 12-01-00152-CV, 2002 WL 169284, at *3 (Tex. App.—Tyler Jan. 31, 2002, pet. denied) (not designated for publication). "A contention is frivolous if no facts are advanced in support of a mere conclusory allegation." *Id.* Here, Appellant alleged that Leal took his magazine because Appellant was black and because the magazine contained "literature and art of black culture." We hold that Appellant's allegations are merely conclusory and, thus, that Appellant did not successfully

7

assert a claim for racial discrimination. Therefore, Appellant has failed to state a cause of action that would afford him relief. Because we have found that Appellant's three causes of action have no arguable basis in law, the trial court did not err when it dismissed Appellant's suit as frivolous.

Appellant also claims that the trial court erred when it dismissed his claims with prejudice. However, the final judgment does not indicate that the trial court dismissed Appellant's suit with prejudice. Even if the trial court had dismissed Appellant's claims with prejudice, the trial court would not have erred because dismissal with prejudice is proper when the claims asserted have no arguable basis in law. *See Fernandez*, 341 S.W.3d at 13 (citing *Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied)). We overrule Appellant's first issue.

In his second issue, Appellant argues that the trial court abused its discretion when it denied his motions for new trial and when it allowed the motions to be overruled by operation of law. The trial court did not rule on Appellant's motions for new trial. Rule 329b(c) of the Texas Rules of Civil Procedure states, "In the event an original or amended motion for new trial . . . is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period." Because we have held that the trial court did not err when it dismissed Appellant's claims as frivolous on the ground that his claims did not have an arguable basis in law, we also hold that the trial court did not err when it did not rule on his motions for new trial and allowed them to be overruled by operation of law.

Appellant also contends in his second issue that the trial court erred when it refused to rule on his motion for default judgment against Leal. The trial court informed Appellant in a letter dated September 19, 2013, that his "case was dismissed on August 31, 2013, therefore your request for a default judgment is not

8

properly before the court." It appears that the trial court mistakenly wrote August 31, 2013, instead of August 31, 2011, in its letter to Appellant. The trial court initially dismissed Appellant's claims against the TDCJ on August 31, 2011. However, that judgment did not dismiss the claims against Leal, and the trial court subsequently entered another judgment dismissing all claims, including those filed against Leal, on September 23, 2013. Appellant filed his Affidavit for Entry of Default as to Leal on September 1, 2011; therefore, his motion for default judgment was before the court prior to the trial court's entry of the final judgment on September 23, 2013. We note that the record does not contain a return of service as required under Rules 107 and 239, and we further note that a trial court may dismiss a suit under Chapter Fourteen as frivolous prior to service and, thus, also prior to an answer. *See* TEX. R. CIV. P. 107(h) (proof of service must be on file with the clerk of the court for ten days prior to the entry of a default judgment); TEX. R. CIV. P. 239 (judgment by default); CIV. PRAC. & REM. § 14.003(a)(2) (providing that a trial court may dismiss a claim, either before or after service of process, if the court finds that the claim is frivolous or malicious). Appellant's second issue is overruled.

 We affirm the judgment of the trial court.


         JIM R. WRIGHT

         CHIEF JUSTICE

October 29, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.