

# NUMBER 13-17-00483-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**AARON MALONE,**                                                                                 **Appellant,**

**v.**

**UTMB, ET AL.,**                                                                                   **Appellees.**

---

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Aaron Malone, an inmate proceeding pro se and *in forma pauperis*, appeals the trial court's dismissal of his suit against appellees Texas Department of Criminal Justice (TDCJ), Russell Landry, Candace Moore, Veronica Inmon, Officer Jacoway, C. Martinez, Officer Almendarez, Dale Dorman, Sarah Poindexter, Captain Gonzales, Counsel Substitute Saenz, and K. Putnam (collectively referred to as TDCJ

appellees); and against appellees University of Texas Medical Branch (UTMB), Martha Blackwell, Susanna Corbett, Georgy Samuel, Timothy Teboe, Rose Opara, and Dr. Isaac Kwarteng (collectively referred to as UTMB appellees). *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West, Westlaw through 2017 1st C.S.). By two issues, appellant argues the trial court erred in dismissing his lawsuit because: (1) he met all procedural requirements of chapter 14 of the Texas Civil Practice and Remedies Code; and (2) his claims were not frivolous. We affirm.

## I. BACKGROUND

Appellant is an inmate in a TDCJ unit in Beeville, Texas. He brought a lawsuit against UTMB and several of its employees alleging they violated his rights under the Eighth Amendment to the U.S. Constitution. Appellant contends that from September 3, 2014, through mid-year 2015, the UTMB appellees "failed to provide adequate treatment to [appellant] and was [sic] deliberately indifferent to his serious medical needs." He complained that UTMB appellees failed to properly treat his back injury and that UTMB and TDCJ failed to properly train their staff physicians, nurses, and employees.

In addition, he sued TDCJ and several of its employees, alleging violations of his First, Fifth, and Fourteenth Amendment rights under the U.S. Constitution; harassment; discrimination; retaliation; and violations of the Texas Penal Code. In this regard, he accused TDCJ appellees of filing improper disciplinary reports, making unreasonable disciplinary decisions, and making racial and discriminatory comments.

The Office of the Texas Attorney General filed amicus curiae advisories in the trial court recommending dismissal of the claims against all appellees pursuant to chapter 14

2

of the Texas Civil Practice and Remedies Code.[1]  The trial court subsequently dismissed appellant's entire suit with prejudice as "frivolous, malicious, and for the failure to state a claim upon which relief may be granted."  This appeal followed.[2]

## II.  STANDARD OF REVIEW

Special procedural rules govern litigation by inmates in which the inmate files an affidavit or unsworn declaration of inability to pay.  *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2003, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001.  Inmates must receive a decision from the highest authority in the prison grievance system before filing a claim in state court.  TEX. GOV'T CODE ANN. § 501.008(d)(1) (West, Westlaw through 2017 1st C.S.).  Further, an inmate must file a claim in state court "before the 31st day after the date the inmate receives the written decision from the grievance system."  TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b).  "A suit that is not timely filed pursuant to Section 14.005(b) is barred and may be dismissed with prejudice."  *Simmonds v. Harrison*, 387 S.W.3d 812, 814–15 (Tex. App.—Eastland 2012, no pet.) (citing *Moreland v. Johnson*, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.)); *see also Readeaux v. Velasquez*, No. 13-13-00217-CV, 2013 WL 4399189, at *1 (Tex. App.—Corpus Christi Aug. 5, 2013, no pet.) (mem. op.).  As explained by the Texarkana Court of Appeals:

> The purpose of Section 14.005 is to allow the trial court to ensure that an inmate proceeding *in forma pauperis* has first used TDCJ's grievance procedure, if it is applicable to his claim.  Though Section 14.005 does not explicitly so provide, its obvious purpose is to allow the trial court to dismiss a suit when it becomes clear that the inmate has failed to provide the

---

[1]  The TDCJ appellees were not served with service of citation and did not file an answer in the trial court.  The UTMB appellees filed an answer and a plea to the jurisdiction in the trial court.

[2]  The Office of the Texas Attorney General has filed amicus curiae response briefs in this court on behalf of all appellees.

information the statute requires. Therefore, it is incumbent on the inmate to provide the required information before it comes to the trial court for review. This is especially true because Section 501.008 of the Texas Government Code precludes an inmate from filing a claim until he has exhausted his remedies through the grievance system.

*Smith v. Tex. Dep't of Criminal Justice*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied).

The trial court has broad discretion to dismiss a lawsuit under chapter 14 as frivolous or malicious. *Jackson v. Tex. Dep't of Criminal Justice*, 28 S.W.3D 811, 813 (Tex. App.—Corpus Christi 2000, no pet.). To establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable considering all circumstances. *Harrison v. Tex. Dep't of Criminal Justice*, 164 S.W.3d 871, 874 (Tex. App.—Corpus Christi 2005, no pet.). The standard is clarified by asking whether the trial court acted without reference to any guiding rules or principles. *Id.*

### III. ANALYSIS AND DISCUSSION

In his first issue, appellant contends the trial court abused its discretion by dismissing his lawsuit because he met all procedural requirements of chapter 14. More specifically, he asserts that this lawsuit was timely filed.

Appellant attached copies of numerous Step One and Step Two grievance responses from the prison grievance system to his original petition. The latest of these Step Two responses is dated August 2, 2016. At that time, an earlier lawsuit was pending on other grievances appellant had filed.[3] On May 20, 2016, he filed a

---

[3] This Court previously considered an interlocutory appeal from that earlier lawsuit. *See Zambrano v. Malone*, No. 13-17-00022-CV, 2018 WL 549198 (Tex. App.—Corpus Christi Jan. 25, 2018, no pet.) (mem. op.).

"supplemental petition" in the earlier lawsuit with additional parties and claims.[4]   He asserts that the trial court "severed" the additional parties and claims from that lawsuit, and that his January 12, 2017 re-filing of those parties and claims in the current lawsuit somehow "reverted" back to his May 20, 2016 filing in the earlier lawsuit.  As such, he argues the claims contained in the January 12 filing were timely.

Appellant was required to file this lawsuit before the 31st day after the date he received notice of a final written decision from the prison grievance system.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b).  He failed to comply with this requirement. According to his original petition and supporting documents, appellant received the latest Step Two grievance response in August 2016.[5]  Using this date, appellant's deadline to file suit would have been in September 2016.  *See id.*  Appellant's original petition was signed on December 24, 2016, and then file-stamped by the trial court on January 12, 2017, both dates being substantially after the deadline.[6]  If an inmate fails to comply with the deadlines in § 14.005(b), the trial court has "no discretion but to dismiss the lawsuit." *Lewis v. Johnson*, 97 S.W.3d 885, 888 (Tex. App.—Corpus Christi 2003, no pet.).

In addition, the case does not relate back to the May 20, 2016 filing date in the earlier lawsuit.  First, the record does not include an order of severance from the earlier

---

[4] Inclusion of these new parties and claims constituted an amended petition, not a supplemental petition. *See* TEX. R. CIV. P. 62.

[5] According to appellant's unsworn declaration and amendments thereto, he received final written decisions from the grievance system on Grievance No. 2016036172 on April 20, 2016, No. 2016059607 on April 22, 2016, No. 2015075408 on April 28, 2019, No. 2016072217 on May 1, 2016, No. 2016100881 on June 1, 2016, No. 2016138097 on July 15, 2016, No. 2016105292 on July 28, 2016, and No. 2016138725 on August 3, 2016.

[6] Under the prisoner mailbox rule, court filings by pro se inmates are deemed filed "at the time the prison authorities duly receive the document to be mailed."  *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (per curiam).  Therefore, the earliest possible date appellant could have filed his original petition was December 24, 2016—the day he signed it.

5

lawsuit or any other evidence to show that a severance occurred. Second, appellant's own description of the procedural history is inconsistent with a severance:

> Upon further discussing [sic] with the Court, the Court stated that it did not respond to the suit and determined that the Defendants would not be joined to the Defendants who were already set for trial in the cause. The Court instructed Malone to re-file the suit under a different Cause No. The Court then instructed its clerk to send Malone's suit back to him for him to re-file it under a different Cause No.

> Malone received the lawsuit sent by the Court in the month of October 2016. After researching additional claims, Malone filed the suit in cause Number [sic] 17-1020-CV-A on January 17th[,] 2017.

It appears the trial court denied appellant's attempt to join the appellees because it would have caused an unreasonable delay in the trial of that case. *See* TEX. R. CIV. P. 37. Additionally, the earlier lawsuit involved an unrelated series of occurrences, *see Malone*, 2018 WL 549198 at *1, and thus it was inappropriate for appellant to attempt to join the nineteen appellees named in this case. *See* TEX. R. CIV. P. 40(a). We note that "[l]itigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978).

Having denied the joinder in the first instance, there were no parties and claims for the trial court to sever. *See* TEX. R. CIV. P. 41. If there had been an actual severance, the trial court would not have "instructed [appellee] to re-file the suit." *See McRoberts v. Ryals*, 863 S.W.2d 450, 452–53 (Tex. 1993) (explaining a severance is effective when the severance order is signed) (citing *Hall v. City of Austin*, 450 S.W.2d 836, 838 (Tex. 1970)). Therefore, appellant filed his claims against appellees for the first time in an

6

entirely new and distinct lawsuit on January 12, 2017.  As such, appellant's suit against the appellees was untimely.[7]

We hold that the trial court did not abuse its discretion.  Having found that appellant's filing was untimely, we need not address appellant's other issue on appeal. Further, because the chapter 14 defect in appellant's lawsuit cannot be remedied, we conclude the trial court did not abuse its discretion in dismissing appellant's complaint with prejudice.  *See Mason v. Wood*, 282 S.W.3d 189, 193 (Tex. App.—Beaumont 2009, no pet.) (citing *Hines v. Massey*, 79 S.W.3d 269, 272 (Tex. App.—Beaumont 2002, no pet.); *see also Simmonds*, 387 S.W.3d at 814–15; *Moreland*, 95 S.W.3d at 395.

## IV. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Delivered and filed the
2nd day of May, 2019.

---

[7] Appellant's original petition alleges that his Step Two grievance against appellee Almendarez was pending at the time he filed suit, unlike the other appellees.  In his objection to the Attorney General's advisory to dismiss, appellant alleged he received the final written decision from the grievance system as to Almendarez on April 20, 2017, but he failed to attach a copy as required by chapter 14.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(2).  Appellant's brief fails to distinguish this claim from his relation-back argument; therefore, any additional arguments he may have raised as to the timeliness of this claim were waived. *See* TEX. R. APP. P.  38.1(i).

7