Opinion filed August 5, 2021



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00249-CV

_____

## NORMAN L. AGNEW, Appellant

## V.

## LINDA GONZALES, ET AL., Appellees

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 17310**

## MEMORANDUM OPINION

Appellant, Norman L. Agnew, an inmate proceeding pro se and *in forma pauperis*, appeals the trial court's dismissal of his state law tort claim of conversion and his constitutional claims under 42 U.S.C. § 1983 that he asserted against Appellees—Warden Linda Gonzales, Warden Benny Bundy, and Correctional Officers Austin Curran, Alicia Caldera, and Felicia Fife. Appellees were employed

with the Texas Department of Criminal Justice (TDCJ) at the time Appellant filed his suit.

On appeal, Appellant challenges the trial court's dismissal of his claims as frivolous pursuant to the criteria of Section 14.003 of the Texas Civil Practice and Remedies Code (Chapter 14). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2017). Appellant initially filed a brief with this court that purported to amend his operative pleading to assert claims, for the first time, against Appellees under the Theft Liability Act. Appellant later submitted a "supplemental brief" in which he generally challenged the trial court's Chapter 14 dismissal of his claims.[1] We have ascertained from Appellant's multiple filings that he contends that (1) the trial court erred when it dismissed his claims without giving him the opportunity to respond to Appellees' motion to dismiss and (2) the trial court erred when it dismissed Appellant's claims as frivolous. We affirm the trial court's order.

## I. *Factual Background*

Appellant is an inmate in the TDCJ's Wallace Unit in Colorado City, Texas. In his original petition (the operative pleading), Appellant alleged that Correctional Officer Austin Curran placed him on property restrictions and removed his personal property, including his legal mail and books, from his prison cell. Appellant alleged that Officer Curran's actions constituted (1) a violation of his constitutional right to due process, (2) a violation of his right of access to the courts, and (3) conversion of his personal property. Pursuant to the applicable provisions of Chapter 14, Appellees filed a motion to dismiss Appellant's claims under Rule 91a of the Texas Rules of Civil Procedure and asserted that Appellant's pleaded claims did not have a basis in law or in fact; a copy of the motion was mailed to Appellant at the Wallace

---

[1]Appellant's first brief does not reference the applicable standard of review; however, his supplemental brief does cite a summary judgment standard. Construing Appellant's pro se brief liberally, we interpret his appeal to be a challenge to the trial court's Chapter 14 dismissal. *See Montana v. Patterson*, 894 S.W.2d 812, 814 (Tex. App.—Tyler 1994, no writ.) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Unit.  The trial court, without conducting a hearing, granted Appellees' motion and dismissed Appellant's claims as frivolous under Chapter 14.

## II.  *Analysis*

Chapter 14 governs actions that are brought by an inmate in a district court in which the inmate has filed an affidavit or unsworn declaration of his inability to pay the required court costs associated with the action.  *See* CIV. PRAC. & REM. § 14.002(a); *Simmonds v. Harrison*, 387 S.W.3d 812, 814 (Tex. App.—Eastland 2012, no pet.).  Chapter 14 applies to Appellant's suit because he is a pro se inmate and has filed a declaration of his inability to pay the required court costs.

We review the dismissal of a claim pursuant to Chapter 14 under an abuse of discretion standard.  *See Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  However, when, as in this case, the trial court has determined without holding an evidentiary hearing that the inmate's claims are frivolous, we review the trial court's decision de novo and affirm only if the dismissed claims have no arguable basis in law or in fact.  *See Long v. Tanner*, 170 S.W.3d 752, 754 (Tex. App.—Waco 2005, pet. denied) (citing *Retzlaff*, 94 S.W.3d at 653).  We also review the trial court's rulings on a Rule 91a motion to dismiss de novo to determine if the pleaded claims have a basis in law or in fact. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).  As such, we will affirm if the trial court's decision was proper under any applicable legal theory.  *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.).

### A. *Dismissal Without Opportunity to Respond*

In his first issue, Appellant asserts that he was entitled to notice of Appellees' motion to dismiss and an opportunity to be heard on the motion.

An inmate who brings a claim that falls within the scope of Chapter 14 is not entitled (1) to notice of a motion to dismiss before the trial court rules on the motion

3

or (2) to a mandatory hearing before the trial court. Civ. Prac. & Rem. § 14.003(a), (c); *Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied); *Nabelek v. Dist. Att'y of Harris Cty.*, 290 S.W.3d 222, 232 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("It is well-settled a trial court is not required to conduct an oral hearing before dismissing a suit under section 14.003."). Thus, because a trial court may dismiss an inmate's suit either before or after service of process has been perfected, a trial court will not abuse its discretion if it dismisses the inmate's claims pursuant to Section 14.003 without notice to the inmate or without first permitting the inmate an opportunity to respond to a defendant's motion to dismiss. *See Hamilton*, 298 S.W.3d at 340; *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ); *see also* Civ. Prac. & Rem. § 14.003(c).

Here, the trial court dismissed Appellant's claims two days after Appellees' motion to dismiss was filed. Appellant argues that the trial court erred because it did not allow Appellant the opportunity to respond to Appellees' motion. Irrespective of Appellant's contention, the trial court clearly had the discretion to dismiss Appellant's claims without holding a hearing or affording Appellant an opportunity to respond to the motion. *See Hamilton*, 298 S.W.3d at 340; *Nabelek*, 290 S.W.3d at 232; *Gowan v. Tex. Dep't of Criminal Justice*, 99 S.W.3d 319, 323 (Tex. App.—Texarkana 2003, no pet.). Because Appellant was not entitled to (1) notice of Appellees' motion, (2) a hearing before the trial court, or (3) an opportunity to respond, the trial court did not, on these bases, abuse its discretion when it dismissed Appellant's claims. *See Douglas v. Moffett*, 418 S.W.3d 336, 340 & n.7 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Hamilton*, 298 S.W.3d at 340; *Gowan*, 99 S.W.3d at 321. Accordingly, we overrule Appellant's first issue.

B. *Dismissal of Frivolous Claims*

In his second issue, Appellant asserts the trial court erred when it dismissed his claims as frivolous pursuant to Chapter 14. We disagree.

A trial court may dismiss a claim as frivolous under Chapter 14 if it determines that the claim has no arguable basis in law or in fact. Civ. Prac. & Rem. § 14.003(a)(2), (b)(2); *see Hamilton*, 298 S.W.3d at 339 (holding a claim has no arguable basis in law or in fact when it is based upon a meritless legal theory). On that basis, the trial court may dismiss a frivolous claim with prejudice.[2] *Hamilton*, 298 S.W.3d at 340.

1. *Due Process*

First, Appellant alleged in his operative pleading that the confiscation of his legal materials by prison officials constituted a deprivation of his constitutional right to due process. To establish a procedural due process violation, a claimant must plead and prove (1) the deprivation of a protected property interest and (2) the absence of due process. *See Mosley v. Tex. Health & Human Servs. Comm'n*, 593 S.W.3d 250, 264 (Tex. 2019).

A random and unauthorized deprivation of a property interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009); *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991). Further, deprivations of property by prison officials, even if intentional, do not violate due process if an adequate post-deprivation remedy is provided by the State. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Brewster*, 587 F.3d at 768. In Texas, a post-deprivation administrative remedy exists to compensate inmates for property that is lost or damaged by prison officials. *See* Tex. Gov't Code Ann. §§ 501.007, .008 (West 2012); *see also Murphy v. Collins*,

---

[2]Although the State argues that dismissal of Appellant's claims with prejudice is appropriate in this case, the trial court's order clearly dismissed Appellant's claims without prejudice.

26 F.3d 541, 543–44 (5th Cir. 1994); *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.). Consequently, because inmates in Texas prisons are provided an adequate post-deprivation administrative remedy to pursue, they have no arguable basis in law to assert a cognizable Section 1983 due process claim that is premised on the intentional destruction or deprivation of their property by a prison official. *Aguilar v. Chastain*, 923 S.W.2d 740, 744 (Tex. App.—Tyler 1996, writ denied).

We hold that the trial court did not err when it determined that Appellant's due process claim had no basis in law or in fact because a post-deprivation administrative remedy exists to compensate an inmate for property that is lost or damaged by TDCJ officers. *See* GOV'T §§ 501.007, .008; *see also Murphy*, 26 F.3d at 543–44; *Fernandez*, 341 S.W.3d at 13.

### 2. *Access to the Courts*

Next, Appellant alleged in his operative pleading that the confiscation of his legal materials by prison officials deprived him of his right of access to the courts. To establish a deprivation of the right to access the courts, an inmate must allege an "actual injury." *Brewster*, 587 F.3d at 769 (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). A claim by an inmate that alleges a violation of this right will fail if the inmate does not demonstrate "that his position as a litigant was [actually] prejudiced by" the defendant's actions. *McDonald v. Steward*, 132 F.3d 225, 230–31 (5th Cir. 1998) (quoting *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996)); *accord Hamilton*, 319 S.W.3d at 815.

In this case, Appellant failed to raise or plead any factual allegations regarding any injury or impact that the alleged destruction of his legal documents had on his position as a litigant in this or any other litigation. *See Hamilton*, 319 S.W.3d at 815. In fact, Appellant failed to plead an "actual injury" which is required to assert an access-to-the-courts claim. *See id.*; *see also McDonald*, 132 F.3d at 230–31.

Therefore, Appellant's access-to-the-courts claim has no basis in law or in fact, and the trial court did not err in dismissing it. *See Hamilton*, 319 S.W.3d at 815.

### 3. *Conversion*

Finally, Appellant alleged a claim for conversion in his operative pleading, a claim that has no basis in law or in fact because there is no waiver of sovereign immunity under the Texas Tort Claims Act (TTCA) for such a claim.[3]

Section 101.106(f) of the TTCA provides that when a suit is filed against a governmental employee that is based upon conduct within the general scope of the employee's employment and the same suit could have been brought against the governmental unit, the suit is held to be against the employee in his official capacity only. CIV. PRAC. & REM. § 101.106(f). If the governmental employee moves to dismiss a suit that could have been brought against the governmental unit, the suit shall be dismissed unless the plaintiff files amended pleadings within thirty days after the motion to dismiss is filed that dismisses the employee from the suit and thereafter names the governmental unit as the defendant. *Id.* The Texas Supreme Court has interpreted Section 101.106(f) to "foreclose suit against a governmental employee in his individual capacity if he was acting within the scope of [his] employment." *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). Further, in waiving governmental immunity for governmental units, "the Legislature correspondingly sought to discourage or prevent recovery against an employee." *Id.* at 384. Therefore, all tort claims, including intentional tort claims that are asserted

---

[3]In his first brief, Appellant purportedly amended his complaint and argued, for the first time on appeal, that Appellees were liable for the theft of his personal property under the Texas Theft Liability Act. *See* CIV. PRAC. & REM. §§ 134.001–.005 (West 2019). This issue has not been preserved for our review. *See* TEX. R. APP. P. 33.1. Notably, however, the same analysis we apply here to Appellant's TTCA claim would apply equally to a Theft Liability Act claim in this context. *See, e.g.*, *Lopez v. Serna*, 414 S.W.3d 890, 893–95 (Tex. App.—San Antonio 2013, no pet.) (citing *Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011)).

against individual government actors, necessarily "could have been brought" against the relevant governmental unit, regardless of whether the governmental unit's own immunities might ultimately bar the claim. *Id.* at 384–85.

All common law torts, including intentional torts, that are asserted against a governmental unit are subject to the provisions of the TTCA. *Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658–59 (Tex. 2008). Although the TTCA provides a limited waiver of sovereign immunity for certain claims, it does not waive immunity for claims that arise from intentional torts. *See* CIV. PRAC. & REM. §§ 101.021, 101.022, 101.057(2); *see also Delany v. Univ. of Houston*, 835 S.W.2d 56, 59 (Tex. 1992) (holding that the TTCA does not waive immunity for claims arising out of the intentional torts of a governmental employee).

Here, Appellant asserted a claim of conversion against Appellees, as employees of a governmental agency, in their individual capacities. The focus of Appellant's claim is the confiscation of his property by TDCJ correctional officers. It is well within a correctional officer's scope of employment to confiscate inmate property. *See, e.g.*, *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017) (providing that in determining whether a government employee's actions were within the scope of employment, "the Tort Claims Act focuses on 'performance . . . of the duties of an employee's office or employment,' which calls for an objective assessment of whether the employee was doing her job when she committed an alleged tort, not her state of mind when she was doing it"). Thus, Appellant's claim could be properly considered to have been brought against each individual Appellee in his or her respective official capacity only. *See* CIV. PRAC. & REM. § 101.106(f); *Franka*, 332 S.W.3d at 384–85. Consequently, Section 101.106(f)'s thirty-day pleading-amendment window applied to Appellant's case. As such, within thirty days after Appellees filed their motion to dismiss, Appellant was required to amend his pleadings to dismiss Appellees and thereafter name TDCJ as the sole defendant.

*See* CIV. PRAC. & REM. § 101.106(f).  Appellant failed to do so.  Unfortunately for Appellant, he did not file an amended pleading to comply with the requirements of Section 101.106(f) until nearly four months *after* the trial court had dismissed his claims.

Nevertheless, and importantly, even if Appellant *had* timely amended his pleadings to dismiss Appellees and name TDCJ as the sole defendant in his suit, the trial court still would not have erred by dismissing Appellant's conversion claim against TDCJ because conversion is an intentional tort for which immunity is not waived under the TTCA.  *See, e.g.*, *City of Houston v. Petroleum Traders Corp.*, 261 S.W.3d 350, 361 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that the TTCA does not waive immunity for a claim of conversion).  Thus, in this instance, Appellant is barred from bringing a conversion claim against Appellees and TDCJ (if it had been joined as a party).  Consequently, the trial court did not err when it dismissed Appellant's conversion claim because it has no basis in law or in fact.  Accordingly, we overrule Appellant's second issue.

### III.  *This Court's Ruling*

We affirm the order of the trial court.


W. STACY TROTTER

JUSTICE


August 5, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.